WIPFF v. WIPFF et al.

No. 11805.

Court of Civil Appeals of Texas.
San Antonio.
March 17, 1948.

948

Ralph J. Noonan, of Hondo, and Morriss, Morriss & Boatwright, of San Antonio, for appellant.

Francis C. Richter and Frank X. Vance, both of Hondo, for appellee.

SMITH, Chief Justice.

The appellant, Charles E. Wipff, claims an undivided one-half interest in approximately 100 acres lying east of the I. & G. N. Ry., out of the 200 acre homestead tract of J. J. Wipff and wife, Anna Wipff, situated in Medina County, Texas.

The appellees have filed no brief in this Court, consequently, under Rule 419, Texas Rules of Civil Practice, we accept as correct the statements made by appellant in his brief as to the facts and the record. The following statement is made by appellant under his first and second points:

"On October 9, 1932, J. J. Wipff and Anna Wipff, husband and wife, entered into a contract with each other to make a joint and mutual will, and did make such will, jointly disposing of their community property. Such joint will was duly admitted to probate on application of J. J. Wipff. J. J. Wipff qualified as independent executor of such will of his deceased wife. The property devised in such joint will was the community property of J. J. and Anna Wipff. * * *

"On August 7, 1939, J. J. Wipff, the surviving spouse, purported to make another will differently disposing of the property which had been devised in the prior joint will. * * *

"J. J. Wipff, the surviving spouse, was the insured in a policy of fraternal insurance issued by Woodmen of the World Life Insurance Society, in which appellee Fritz J. Wipff was the designated beneficiary. J. J. Wipff, the surviving spouse, was also insured in a fraternal insurance policy issued by Woodmen Circle, in which August F. Wipff was beneficiary. Under the Constitution and By-laws, which Constition and By-laws were specifically made a part of such policies, the beneficiary could not be changed other than as provided in the Constitution and By-laws. Beneficiaries in the two policies of insurance on the life of J. J. Wipff were never changed from that of appellee Fritz J. Wipff and August Wipff.

"On death of J. J. Wipff (insured in two policies of life insurance), the proceeds of the policy issued by Woodmen of the World were paid to the designated beneficiary, appellee Fritz J. Wipff, by the insurance company. Likewise the proceeds of insurance on the life of J. J. Wipff were paid to the designated beneficiary, August F. Wipff, by Woodmen Circle. Appellee Fritz J. Wipff voluntarily paid to appellant the amount of the proceeds paid to him as beneficiary under the Woodmen of the World policy. When appellant received the $484.87, he did not know of the alleged second will of his father J. J. Wipff. If appellant had known of the subsequent will, he would not have accepted the $484.87. Appellant tendered, in the event the Court should require same, the $484.87 back to appellee Fritz J. Wipff."

The joint and mutual will, above referred to, provided that the survivor should have a life estate in the 200 acre homestead, with remainder in the west one-half thereof in Fritz J. Wipff and remainder in the east one-half in Charles E. Wipff and August Wipff.

The 1939 will of J. J. Wipff provided that his son Fritz J. Wipff should have 150 acres of the 200 acre homestead property, and the remaining 50 acres thereof should go to Mary Katherine Wipff, a daughter of Fritz J. Wipff.

The fourth paragraph of the will read as follows:

"I give and bequeath to my son Charles E. Wipff or his children, the insurance from the Woodmen of the World that my beneficiary may be entitled to in such policy."

As above pointed out, the named beneficiary in this policy was Fritz J. Wipff.

■ Upon the death of J. J. Wipff his estate had no interest in the proceeds of the life insurance policy. Fritz J. Wipff was entitled to said proceeds thereof under and by virtue of a contract between Woodmen of the World Life Insurance Society and J. J. Wipff which designated a beneficiary to receive the proceeds of the policy and did not provide for payment to the estate of the insured.

■ Similarly, upon the death of J. J. Wipff his estate had no interest in the 200 acre homestead property. When Mrs. Anna Wipff died and the joint and mutual will was probated the estates of the remaindermen vested. Chadwick v. Bristow, Tex. Sup., 208 S.W.2d 888, affirming Chadwick v. Bristow, Tex.Civ.App., 204 S.W.2d 65; Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165; Medlin v. Medlin, Tex.Civ.App., 203 S.W.2d 635, wr. ref.

The 1939 will of J. J. Wipff, therefore, sought to dispose of property which was not owned by his estate, i. e., fifty acres of land owned by appellant Charles E. Wipff, and $484.87, the proceeds of an insurance policy, owned by the appellee Fritz J. Wipff. It seems that in effect that the father sought to arrange a trade or exchange of properties between two of his sons.

We do not believe that the fact that Charles E. Wipff accepted from his brother Fritz J. Wipff the proceeds of the insurance policy estops him from asserting his interest in the real property involved, or that he conclusively elected to take under the 1939 will rather than under the prior joint and mutual will, especially in view of his offer to return the insurance money to Fritz J. Wipff.

■ Ordinarily an estate in land will not pass by estoppel. Gilcrease Oil Co. v. Crosby, 5 Cir., 132 F.2d 790.

■ As to election, it is stated in Simpkins on Administration of Estates, 3d Ed., p. 525, § 379, that: "In order for a will to require the donee to make an election, there are two essentials: the testator must give property of his own; and he must profess to dispose of property belonging to the donee."

A similar statement from Adams on Equity was quoted with approval by this Court in Gilroy v. Richards, 26 Tex.Civ. App. 355, 63 S.W. 664.

In Allen v. Allen, 58 Wis. 202, 16 N.W. 610, 614, the Supreme Court of Wisconsin, in considering a fact situation similar to the one here presented, said: "His (the son's) right to the land in question is in no way dependent upon the will of his father. He neither claims it as heir or devisee of his father, but by grant from the United States. The fact that his father undertook by his will to devise the land of the son to the wife of the deceased, and in the same will devised to the son other real estate to which the father held the title, does not prevent the son from claiming such last-named real estate under the will, without abandoning his claim to the lands described in such will, and which are owned by him by a title paramount to that of the testator."

■ The transaction cannot be regarded as a binding contractual agreement for an exchange of properties between Fritz J. Wipff and Charles E. Wipff for a number of reasons, including, among others, the failure to comply with the statute of frauds, Article 3995, Vernon's Ann.Civ.Stats., and the Statute of Conveyance, Article 1288.

■ We are of the opinion that appellant's first and second points disclose reversible error. We hold that Charles E. Wipff is the owner of an undivided 50 acres out of the eastern part of the 200 acre homestead tract under and by virtue

950

of the joint and mutual will of his father and mother.

We are further of the opinion that the evidence shows that the proceeds of the insurance policy were paid by Fritz J. Wipff to Charles E. Wipff under circumstances which would make it inequitable for Charles E. Wipff to retain the same. Fritz J. Wipff is entitled to recover this money.

It is unnecessary to discuss further points of error. What has been said will indicate the form of judgment which should be rendered in the case.

The judgment appealed from is reversed and the cause remanded to the district court for further proceedings not inconsistent with the holding herein set forth.

Reversed and remanded.