**Leona THATCHER, Guardian, Appellant,**

v.

**A. W. CONWAY, Jr., et ux., Appellees.**

No. 6034.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 22, 1956.

James T. Wright, Beaumont, for appellant.

Stephenson & Stephenson, Orange, for appellees.

R. L. MURRAY, Chief Justice.

Appellees, A. W. Conway, Jr., et ux., filed suit in the District Court of Orange County pursuant to the Uniform Declaratory Judgments Act of Texas, Title 46A, Article 2524–1, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St., complaining of Leona Thatcher, guardian of the person and estate of Gary Leo Thatcher, a minor. The suit was brought to construe the will of Clyde S. Thatcher, deceased, and to define the rights, powers and duties of the trustees and executors and instruct them as to the management and control of such estate. The petition alleged, in effect, that Clyde S. Thatcher died intestate in Orange County, Texas, December 7, 1954; that the will appointed plaintiffs executor and executrix of his estate; a copy of the will was attached to the petition and made a part thereof; that said will was duly admitted to probate in Orange County; that the plaintiffs had qualified as executor and executrix. They further alleged that Leona Thatcher,

the appellant, had been appointed guardian of the person and estate of Gary Leo Thatcher, a minor, and had qualified as such.

They further alleged that Gary Leo Thatcher is the minor son of Clyde S. Thatcher and Leona Thatcher and that said father and mother had been divorced at some date unknown to the pleader; that in said divorce decree the joint property of the parties had been divided between them and Leona Thatcher had been awarded the custody and control of the minor child. They further alleged that by the terms of the will they were appointed executor and executrix of the will of the said Clyde S. Thatcher, deceased, and also appointed as trustees for Gary Leo Thatcher, the minor, of the entire estate and beneficiary of the proceeds of three life insurance policies held by Clyde S. Thatcher upon his life; that they had accepted such trust and are willing to act as trustees. The petition also alleges that the entire estate of Clyde S. Thatcher included various interests in land, household goods, automobile, cash in bank and lists three insurance policies, one in the amount of $1,000 and two others totaling $4,000. The petition also alleged that the appellant Leona Thatcher, as guardian, has asserted a claim to proceeds of the said insurance policies and has indicated that she will seek control of all the remaining estate of Clyde S. Thatcher, deceased. In the petition it is prayed that due to the conflicting claims of the parties concerning the construction of said will and the respective rights, powers and duties, the court is requested to construe the will and determine if the appellees, A. W. Conway, Jr., and wife, were appointed trustees of the estate of Gary Leo Thatcher, and define the rights, powers and duties of the parties.

The will, which is the center of this controversy, was a holographic will, written entirely in the handwriting of the testator and is in the form of a letter to his son, Gary Leo Thatcher, who was four years of age at the time the will was written in 1954. The will is as follows:

> "Orange, Texas
> "Sunday, September–19–1954·
> "Gary Leo Thatcher,
>
> "Dear Son
> "This is my last will and it takes the form of a letter to you. First I want to thank you for being the kind of a boy that you are. You have been everything to me. I have had lots of heartaches but you allways came along to cheer me up. I want you to grow up to be a real fine fellow. And what little real estate and insurance policies I have will be yours I have asked Mr and Mrs A. W. Conway Jr. who live on the Newton road out of Orange Tex to act as your guardian. they are a fine couple and will see that you get a good education. Everything you receive from me real estate and money and household furnishing will go to Mr and Mrs Conway to be used as they think best for you. Under no circumstances will they give your Mother Leona Thatcher any money or property of yours. I would like a very ordinary burial in some little cemetery out from Orange Texas. I have 3 other children besides Gary Leo Thatcher. Names are Thelma Faye Thatcher, Bobby Hugh Thatcher Marjorie Clyde Thatcher Brewer, each one of these children are given two dollars each of my estate. I understand the law requires they be given 1 dollar or more. These 3 children will understand why this was done. I will never understand why children will do to a parent what these 3 did to me. Gary Leo please allways be honest and fair with all your dealings. When I was in Ohio this year a lawyer told me that the Thatchers were good people but would not stick together. Well Gary you try to change all this and be a man who will stand

for right. Gary please dont follow in your uncle Wilburs footsteps. Now Gary here are listed the real and personal property I have that is to be yours at my death. All except 6 dollars that is to be paid 2 dollars each to Thelma Faye Thatcher daughter, Bobby Hugh Thatcher, son Marjorie Clyde Thatcher Brewer daughter. 3 insurance Policies 1 for 1000 dollars, American National Life insurance Co. policy # 503636 1 for 3000 dollars. Equitable Life Assurance Cociety of the United states of America Group Insurance policy # 990010-09-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. 1 policy for 1000 dollars The Equitable Life Assurance Society of the United States, Policy # 11.338.273 And Gary dont forget you will draw some benefits from Social Security payments. My Social Security # is 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 then you will have a half interest in a home at 3587 East Lucas st. Beaumont, Texas. This home is where you now live and occupies Lots # 2 & 3—Block 217 Glenwood Addition, Beaumont, Texas. this property is subject to a court ruling that was made at the time of your Mothers divorce from me And is to be handled by Mr and Mrs Conway whom I have named is this letter. Then you will receive 3 lots #s 51-52-53 Block 217 Glenwood Addition Beaumont Texas these lots are all yours and no settlement of any kind is involved. You may pay the taxes and keep them or sell them and the money be paid to Mr and Mrs Conway to be used for your education. It will be up to them to do as they think best for you. Then Gary at the time of your Mothers divorce I was given one half of all the household furnishings of the home at 3587 Lucas st in Glenwood Addition, Beaumont Texas. Your Mother would not comply with this ruling so I never received anything I chereshed a beautiful collec-

tion of Furniture, China, and Glassware. These I had collected over the years I hope you can get and allways keep these Antiques of mine. Then there is a 1949 Pontiac Club Coupe I am buying not paid for at this date. You may sell it for the market price at the time of my death and keep the money for your self. Then there is a small checking account at the Orange National Bank. Name, Clyde S. Thatcher. this will also be yours Now Gary allways be nice to every one. And may god bless and keep you. Your father
"Clyde S. Thatcher.
"This letter will be authority for Mr and Mrs. A. W. Conway Jr. address Newton County road Orange Texas to assume full responsibility for my burial also to collect all money from insurance policys and handle all business that has to do with the estate of Clyde S. Thatcher and his Heir Gary Leo Thatcher. Age 4 years.
"signed. Clyde S. Thatcher."

The appellant answered the suit by plea in abatement, alleging that the will obviously does not convey anything to Conway and wife, nor refer to any other instrument which could be construed to be a conveyance to said people as trustees, therefore there is no necessity for any judicial construction of the will. The plea in abatement also alleged that the three life insurance policies were admitted in plaintiffs' petition to be payable to Gary Leo Thatcher, as beneficiary; that the proceeds of such policies were payable to the beneficiary named in the policies and therefore constituted no part of the estate of Clyde S. Thatcher, deceased; that the petition attempts to have the court decide that Clyde S. Thatcher, deceased, could and did by his will change the beneficiary in said policies from Gary Leo Thatcher, the minor boy, to the appellees Conway and wife as trustees under the will; that

this is not correct and the petition should be dismissed. She also alleged that real estate devised in the will is an undivided one-half interest in a homestead of the appellant and her minor son, and the appellees in their petition attempt to have the court decree that they, as trustees, would be co-owners of such homestead. The plea in abatement also alleges that the holographic will of Clyde S. Thatcher, deceased, does not meet the requirements of the Texas Trust Act, Article 7425b-7, Revised Civil Statutes of Texas, to create a trust.

The trial court overruled the plea in abatement. The appellant also answered by special exception as to the identity of the parties, that the pleading did not allege that the will appointed Conway and wife trustees, nor that the deceased conveyed anything to them in any capacity. She also made various exceptions as to the effect of the will as alleged in the petition.

Appellant further answered by general denial and specially pleaded facts to the effect that the appellees had not acted with diligence in administering the estate of Clyde S. Thatcher, deceased. She specially pleaded that Gary Leo Thatcher, minor son, was beneficiary in the will and that under such designation as beneficiary the proceeds of such insurance policies should be paid only to the guardian of the minor named as beneficiary. She further pleaded various deficiencies of the will in its alleged failure to create a trust and appoint trustees.

The American National Insurance Company intervened by bill of interpleader, and alleged that it issued a life insurance policy on the life of Clyde S. Thatcher, deceased, in the sum of $1,000; that the proceeds of the policy is one of the matters in controversy; that with the filing of its intervention it deposited with the clerk of the court the money it owes under the insurance contract and asked the court to determine the party or parties

entitled to receive such amount. It also prayed for its attorneys' fees and costs.

The trial was to the court without a jury. There was introduced in evidence the will and the envelope in which it was contained with the handwriting thereon and these instruments were brought up by photostatic copies in the statement of facts. The order of probate was introduced and the parties stipulated that appellees A. W. Conway, Jr., and wife were appointed executor and executrix of the estate of Clyde S. Thatcher, deceased; that Leona Thatcher, the appellant, was appointed legal guardian of the minor child, Gary Leo Thatcher; that Clyde S. Thatcher died December 7, 1954; that Gary Leo Thatcher, the minor son of the deceased and Leona Thatcher, the appellant, and that he was born December 3, 1949.

The parties then stipulated that Clyde S. Thatcher owned at his death "that property and those claims described as follows". The stipulation then describes an undivided half interest in real property in Beaumont, three lots in the City of Beaumont, an undivided half interest in furniture, china and silverware located in the house in Beaumont, an automobile, checking account in the bank and three insurance policies, two policies for $2,000 and one policy for $3,000. It also lists unpaid wages in the amount of $90. It further stipulated that Gary Leo Thatcher was named as beneficiary under the policies of insurance issued on the life of Clyde S. Thatcher, deceased.

The statement of facts contains no other facts.

The trial court rendered judgment, holding that it appeared to the court by the terms of the will that it was the intention of Clyde S. Thatcher to pass all of said property, including the proceeds of the life insurance policies, to Mr. and Mrs. A. W. Conway, Jr., as trustees of such property and that it was the intention of Clyde S. Thatcher that Leona Thatcher should not receive in any capacity any

property or any of the proceeds of the life insurance policies; that it was his further intention for Mr. and Mrs. A. W. Conway, Jr., to hold all the property, including the proceeds of the life insurance policies, for the use and benefit of Gary Leo Thatcher and that Gary Leo Thatcher would be the only beneficiary named in said will to receive the property left to the exclusive control, care and management of Mr. and Mrs. A. W. Conway, Jr., and that Mr. and Mrs. A. W. Conway, Jr., are to hold and manage said property, including the proceeds of the life insurance policies, for the benefit of the minor for the purpose of giving him an education, and that the will of Clyde S. Thatcher created a trust for all such property, naming Mr. and Mrs. A. W. Conway, Jr., as trustees, and naming Gary Leo Thatcher exclusive beneficiary of the trust and that the trust is for the education of Gary Leo Thatcher. The judgment then decreed the above holdings and decreed that Mr. and Mrs. A. W. Conway, Jr., are trustees of all such property and that they shall hold such property in trust for Gary Leo Thatcher to the exclusion of the guardian, Leona Thatcher, and provided that in event of their resignation or removal that their substitute in trust shall have the same powers and duties as they have under the will. The judgment set bond at $5,000 to be executed by the trustees. It further decreed that the trust should cease to exist when Gary Leo Thatcher reached the age of 21 years or before such time and in event all of such property has been used for the purpose of said trust or for expenses incidental to carrying out this trust. It also provided that the intervenor, American National Life Insurance Company, be allowed their attorneys' fees and costs and that the money paid into the registry of the court by it should be paid to the appellees, Mr. and Mrs. A. W. Conway, Jr. It also provided that the appellant Leona Thatcher shall deliver to appellees, Mr. and Mrs. A. W. Conway, Jr., all property

belonging to Clyde S. Thatcher before his death, including the proceeds of any insurance policies.

The appellant has duly perfected her appeal and has filed a supersedeas bond, superseding the judgment.

The appellant makes a long statement as to the nature of the case, which contains many matters of fact which are not shown by the record. The appellees have assailed such portions of the proof and say that they should not be considered by the court. We will determine this appeal only from our statement above, taken from the transcript and statement of facts.

By her Point No. 2 the appellant contends that the court erred in holding that the will in question created a trust and that the appellees were named as trustees. By her Point No. 4 appellant contends that the trial court erred in holding that the proceeds of the three policies of life insurance constituted a part of the estate of Clyde S. Thatcher, deceased, and that such proceeds be turned over to appellees to be administered by them as trustees. We think these two matters are the principal points in controversy, that they are presented here by appellant's points in her brief, and we will consider them in determining this appeal.

The above will of Clyde S. Thatcher, deceased, created a trust for the benefit of his minor son as sole beneficiary and appointed the appellees as trustees to carry out his wishes as expressed in the instrument. Even though the testator in writing his will often used terms and words mistakenly and apparently used the word "guardian" when he obviously meant "trustee", nevertheless his intention to create a trust and appoint these appellees as trustees is clear from the entire instrument. There is nothing in the will, when considered as creating a trust, which is in conflict with the Texas Trust Act, Article 7425b–7. It constitutes a transfer

by will by the testator to other persons as trustees for another, his son. It is in writing and subscribed by him. While it is true that the will creating a trust does not provide for a definite time for the expiration of the trust, still the purpose of the trust is stated to be the care and education of the minor son and the trial court's decree in its judgment that the trust should terminate when the minor son has completed his education or has attained his majority is reasonable under those circumstances. When we consider the fact that the testator was obviously not a lawyer and did not know the exact legal meaning of some of the words he used in his will when considered alone, still from the whole instrument the testator's meaning and intention is clear. To effectuate an intention, trusts are often declared as a matter of inference from powers expressly granted and duties expressly imposed, and the courts will take into consideration the manifest purposes of an instrument which cannot be accomplished except through such an instrument made effective as a trust. Cruse v. Reinhard, Tex.Civ.App., 208 S.W.2d 598; Rich v. Witherspoon, Tex.Civ.App., 208 S.W.2d 674; Bell v. Board of Directors of Pythian Widows & Orphans Home, Tex. Civ.App., 219 S.W.2d 93; Gilkey v. Chambers, 146 Tex. 355, 207 S.W.2d 70.

■ We do not believe that the will of Clyde S. Thatcher, deceased, could have or would have the effect of conveying to the appellees as trustees the proceeds of insurance policies which named Gary Leo Thatcher, the minor boy, as beneficiary. A testator, of course, has the right to dispose of all his property by will. The testator here had no power or authority to change the beneficiary in his life insurance policies by will. His attempt to cause the proceeds of policies to be paid to the trustees named in his will was of no effect, because upon his death his estate and the executors and trustees thereunder had no interest in the proceeds of the life insurance policies. The insurance proceeds became the property of another at the time of his death. They became payable to the beneficiary named therein. Wipff v. Wipff, Tex.Civ.App., 209 S.W.2d 947.

■ Of course, the insured named in the policies of life insurance could have changed the beneficiary from his son to his estate, which is usually done by having the policy paid to the insured's executors, administrators and heirs. In such instances the proceeds of such life insurance policy would be disposed of by the will of the insured or by the law of descent and distribution in case he left no will. There is no showing in this record, and no intimation from the briefs of either party, that any effort was ever made to change the name of the beneficiary in any of the three policies except by the directions and provisions in the will itself. The authorities cited and relied upon by the appellees, Eaton v. Husted, 141 Tex. 349, 172 S.W.2d 493; Hughes v. Jackson, 125 Tex. 130, 81 S.W.2d 656 and Dunn v. Second National Bank of Houston, 131 Tex. 198, 113 S.W.2d 165, 115 A.L.R. 730, are not in point here. They deal with the impressment of a trust upon the proceeds of life insurance policies at the time of making the insured contract. In Dunn v. Second National Bank of Houston, supra, for instance the life insurance policy named a creditor of the insured as beneficiary for the purpose of paying a debt due him by the insured, and the policy itself was in the hands of such creditor beneficiary. We do not believe that these cases are authority in support of the contention of the appellees that they were entitled to receive the proceeds of the life insurance policies involved in this suit under the facts.

The judgment of the trial court insofar as is decrees a trust and appointment of the appellees as trustees thereunder is affirmed. Insofar as the judgment of the trial court decreeing that the proceeds of the insurance policies on the life of the deceased were a part of the trust and should be paid to such trustees is reversed and judgment

rendered that the proceeds of such insurance policies were not a part of such trust, but were payable to the appellant as guardian of the person and estate of his minor son, Gary Leo Thatcher, the beneficiary named in such policies of insurance. The judgment in all other respects is affirmed.

The other points of error presented by the appellant present matters of procedure which do not affect the determination of this appeal on the principal points involved, and they are overruled without discussion.

The costs of this appeal are assessed one-fifth against the appellant and four-fifths against the appellees.