Odell NELSON et al., Appellants,

v.

Manuel ENRIQUEZ, Appellee.

No. 3851.

Court of Civil Appeals of Texas.

Eastland.

Nov. 8, 1963.

Jack Hood, Borger, for appellants.

Joseph A. Calamia and Frank Fullerton, El Paso, for appellee.

WALTER, Justice.

This is a plea of privilege case. Manuel Enriquez filed suit in El Paso County against American Tile & Terrazzo Mfg. Co., a corporation, Edgar R. Blair and Odell Nelson, for breach of a contract. Blair and Nelson each filed a plea of privilege. They also filed an answer. The clerk's certificate discloses that the pleas of privilege were filed before and appeared on the docket before the answers were filed. Enriquez filed his controverting plea alleging exceptions 4 and 29a, Article 1995 of Vernon's Annotated Civil Statutes. The pleas of privilege were overruled. Blair and Nelson have appealed.

The Statement of Facts reveals that the court overruled the appellants' pleas of privilege, "after hearing arguments of counsel on the above matters." No evidence was introduced in behalf of Enriquez to establish that exceptions 4 and Sec. 29a were applicable.

■ We find the general and familiar rule of venue stated by our Supreme Court in Goodrich v. The Superior Oil Company, 150 Tex. 159, 237 S.W.2d 969, as follows: "The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear." This statement by Judge Gallagher was approved by the Commission of Appeals in Compton v. Elliott, Tex.Com.App., 88 S.W.2d 91 where it stated: "Judge Gallagher, writing the opinion in Fagg v. Benners (Tex.Civ. App.), 47 S.W.2d 872, 874, said: 'Appellant's plea of privilege merely placed upon appellee the burden of proving one or more of the grounds of venue alleged in his controverting affidavit by a preponderance of the evidence, which means the greater degree and weight of credible testimony.'"

Enriquez sued American Tile, Blair and Nelson for breach of a contract. He alleged in his petition "That on the 26th day of July, 1962, plaintiff and defendants entered into a written contract of which the attached exhibit 'A' is a true copy. Exhibit 'A' is attached hereto and made a part hereof for all purposes." Appellee's exhibit "A", which was attached to his pleadings, conclusively shows that the contract of employment was between American Tile & Terrazzo Mfg. Co., a corporation and Manuel Enriquez.

The first paragraph of the employment contract is as follows:

"THIS CONTRACT OF EMPLOYMENT, entered into by and between AMERICAN TILE AND TERRAZZO MFG. CO., hereinafter referred to as Corporation, and MANUEL ENRIQUEZ, sometimes referred to herein as General Manager, and the parties do agree and contract as follows:"

The last paragraph and the signatures thereto are as follows:

"THIS CONTRACT shall be binding on the legal successors, representatives, heirs and assigns of the parties hereto.
AMERICAN TILE & TERRAZZO MFG. CO.
By (sgd) Edgar R. Blair
Edgar R. Blair
(Sgd) Manuel Enriquez
Manuel Enriquez."

■ Appellee apparently recognizes the rule that the burden of proof was upon him to establish that an exception to the venue statute was applicable in this case. However, he seeks to justify his failure to prove the exceptions because the appellants did not verify their pleadings as required under subdivision (c) and (h) of Rule 93 of Texas Rules of Civil Procedure. Said Rule 93 provides:

"A pleading setting up any of the following matters, *unless the truth of such*

*matters appear of record,* shall be verified by affidavit."

Subdivision (c) is as follows:

"That the plaintiff is not entitled to recover in the capacity in which he sues, or that the defendant is not liable in the capacity in which he is sued."

The applicable portion of subdivision (h) is as follows:

"Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed."

■ It is true that in some cases the plaintiff is not required to prove all of the essential venue facts. Under Rule 91 certain facts will be taken as admitted unless the defendant makes an issue out of them by a verified pleading. A plea of privilege does not constitute a verified denial of allegations in the plaintiff's petition required to be denied under oath. Our Supreme Court in Ladner v. Reliance Corporation et. al., 156 Tex. 158, 293 S.W.2d 758 at page 763 said:

"When a venue fact is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove the same."

The controlling question is whether or not the pleadings of the appellee were sufficient to require a verified denial under subdivision (c) and (h) of Rule 93.

■ By appropriate language the written contract became a part of the declarations of appellee's petition. They are to be construed together to determine if there is an allegation that Blair and Nelson executed the contract. The question of whether appellants were liable in the capacity in which they were sued and whether appellants executed the written contract can be answered

by reading appellee's petition. "The truth of such matters appear of record" in appellee's petition.

After considering the allegations in appellee's petition and the contract attached thereto, we have concluded it was not necessary for appellants to deny under oath the matters set forth in said subdivisions (c) and (h) of Rule 93. Woods v. P. B. S. Motor Company, Tex.Civ.App., 288 S.W.2d 557.

The judgment is reversed and remanded to the trial court with instruction to transfer the case against the appellants to the District Court of Hutchinson County, Texas.