Elaine June RECTOR, Independent Executrix of the Estate of Raymond George Overkamp, Deceased, and Trustee for Angela Rae Overkamp, Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY et al., Appellees.

No. 16260.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 21, 1974.

Rehearing Denied March 21, 1974.

Shirley & Chilton, John H. Shirley, Michael G. Shirley, Texas City, for appellant.

Robert M. Julian, Houston, for appellees; Vinson, Elkins, Searls, Connally & Smith, Houston, of counsel.

PEDEN, Justice.

Suit brought by Mrs. Rector to recover from the insurer the proceeds of an insurance policy on the life of R. G. Overkamp, deceased. Metropolitan Life states it is willing to pay the proceeds but denies that Mrs. Rector is entitled to them. Mr. Overkamp's minor daughter, Angela Rae Overkamp, is the designated beneficiary of the insurance policy benefits. Mrs. Rector contends that she is entitled to recover the proceeds under Mr. Overkamp's will, which has been admitted to probate. In his will Mr. Overkamp bequeathed his entire estate to his daughter, Angela Rae Overkamp, named Mrs. Rector independent executrix and trustee, and included this provision:

"My Executrix, as Trustee (herein called my 'Trustee') herein shall hold the property devised and bequeathed to her in the above paragraph together with all other property coming into my Trustee's possession as a result of my death (including my insurance on my life and employee's death benefits) in trust upon and unto the following uses, trust and purposes until my daughter shall have attained the age of twenty-one (21) years, at which time the trust will terminate and all remaining trust property shall be distributed to my daughter ANGELA RAE OVERKAMP . . . "

Mrs. Rector prosecutes this appeal from a judgment of the trial court holding that she cannot recover on the life insurance policies in the capacity in which she has sued.

Mrs. Rector assigns that holding as error, arguing that the quoted provision of the will evidenced an intention on part of the insured to create a testamentary trust; that the proceeds of the policy are payable through the trust; that she was nominated trustee by the terms of the will and that she was authorized by the terms of the trust to recover the proceeds as trustee on behalf of the insured's minor daughter.

The appellant calls our attention to these facts: the insured had been an employee of Union Carbide from December 29, 1949 to the date of his death; he executed his will July 21, 1972; he entered the hospital the following Monday and died there three weeks later on August 13, 1972; the duration of his last illness was four months. She argues, therefore, that the trust was created at a time when the insured had control over the insurance policy and that he used the device of a trust intended to come into being upon his death.

We overrule this point. The proceeds of the life insurance policies became the property of the insured's daughter upon his death. They did not come into possession of the trustee, and she did not sue as guardian of the minor.

In Thatcher v. Conway, 296 S.W.2d 790 (Tex.Civ.App.1956, no writ), a declaratory judgment action, brought by the executor and executrix against the guardian of the person and estate of the beneficiary named in the will, the court declared that a valid trust had been created by the will but stated:

"We do not believe that the will of Clyde S. Thatcher, deceased, could have or would have the effect of conveying to the appellees as trustees the proceeds of insurance policies which named Gary Leo Thatcher, the minor boy, as beneficiary. A testator, of course, has the right to dispose of all of his property by will. The testator here had no power or authority to change the beneficiary in his life insurance policies by will. His attempt to cause the proceeds of policies to be paid to the trustee named in his will was of no effect because upon his death his estate and the executors and trustees thereunder had no interest in

the proceeds of the life insurance policies. The insurance proceeds became the property of another at the time of his death. They became payable to the beneficiary named therein. Wipff v. Wipff, Tex.Civ.App., 209 S.W.2d 947."

Appellant's second point of error is that the trial court erred in setting aside a default judgment, which it had earlier entered, because appellees failed to comply with Rules 93(c) and 329b of the Texas Rules of Civil Procedure.

The judgment in favor of appellee, from which this appeal is prosecuted, was signed and entered on June 26, 1973. Earlier, on April 26, 1973, the trial judge had entered a default judgment against Metropolitan Life in favor of the plaintiff after she had introduced evidence in support of it. On May 4, 1973, both defendants filed a motion to set aside the default judgment. It constitutes a motion for new trial. (Defendant Union Carbide need not have filed such motion because it had been dismissed from the suit in the default judgment taken against Metropolitan Life.)

Appellant's first argument under this point is that Metropolitan Life was not entitled to have the default judgment set aside because it failed to file a sworn pleading in compliance with subsection (c) of Rule 93, T.R.C.P., which requires that a pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit:

"(c) That the Plaintiff is not entitled to recover in the capacity in which he sues, or that the Defendant is not liable in the capacity in which he is sued."

█ We do not agree that the trial court thus erred. The plaintiff's current pleading, her first amended original petition, contained an allegation that "by instruments duly and properly executed the deceased made his minor daughter his beneficiary." By copy of the will attached to the petition it is shown, in the provision which we have quoted, that Mrs. Rector was authorized to hold the proceeds in question as trustee only 'until the minor child shall have reached the age of twenty-one. Since it was apparent from the face of her pleadings that on the authority of Thatcher v. Conway, supra, the plaintiff was not entitled to recover in the capacity in which she sued, Metropolitan Life was not required to raise that defense by verified denial. Nelson v. Enriquez, 373 S.W.2d 566 (Tex.Civ.App. 1963, no writ).

Stated another way, Mrs. Rector is not entitled to recover because her petition shows that the one entitled to recover is the child, suing through her guardian or next friend, not the trustee.

█ Further, Metropolitan Life filed a verified pleading that satisfies the requirements of Rule 93, subsection (c), on May 30, 1973. We agree with appellant's position that such pleading was filed too late to be considered as an amended motion for new trial, but the trial judge was entitled to consider it as a pleading and as an affidavit in support of the allegations made in the original motion to set aside the default judgment. See Beard v. McKinney, 456 S.W.2d 451 (Tex.Civ.App.1970, no writ.).

Appellant's third point of error is that the trial court erred in not finding that there has been a change of beneficiary in the group insurance policy, arguing that the effect of the execution of his will by the insured was to change the beneficiary from his minor daughter to appellant, Mrs. Rector, as trustee.

We also overrule this point. The Texas Supreme Court refused a writ of error without qualification in Scherer v. Wahlstrom, 318 S.W.2d 456 (1958), which held:

"An insurer may make reasonable regulations in a policy, or in the constitution and by-laws which become a part of the policy, defining the method by which a member may change the beneficiary, and when the beneficiary is a third party, such regulations become a part of the

contract, and, generally speaking, the right to change can be exercised in no other way, and while the insurer may waive compliance with regulations intended for its benefit, yet the beneficiary named has a right, by virtue of the contract, to require that a change be made substantially in accordance with the manner provided. Garabrant v. Burns, Tex.Com.App., 130 Tex. 518, 111 S.W.2d 1100. Although the right to name or substitute a beneficiary may be absolute in the insured, the method provided for making known to or advising the insurer of the purpose and wish of the insured becomes contractual and binding."

■ In our case the beneficiary was a minor so she lacked the capacity to waive compliance with the regulations.

The provisions of the insurance policy relating to the manner by which a change in beneficiary becomes effective provides:

"Section 14, CHANGE OF BENEFICIARY. Any employee insured hereunder may, from time to time, change the Beneficiary designated in his certificate by filing written notice thereof with the employer accompanied by the certificate of such Employee. Such change shall take effect upon endorsement thereon by the Employer on such certificate and unless the certificate is so endorsed, the change will not take effect. After such endorsement, the change shall date back and take effect as of the date the Employee signed said written notice of change, whether or not the Employee is living at the time of such endorsement but without prejudice to the Insurance Company on account of any payment made before receipt of such written notice."

■ Moreover, it is settled that when the policy requirements for a change of beneficiary have not been waived by the insurer during the insured's life, the right to the proceeds vests immediately in the beneficiary named in the policy on the in-

sured's death, and cannot be defeated by proof that it was the insured's intention to change the beneficiary or of acts by the insured falling short of substantial compliance. Fidelity Union Life Ins. Co. v. Methven, 162 Tex. 323, 346 S.W.2d 797 (1961); Creighton v. Barnes, 152 Tex. 309, 257 S.W.2d 101 (Tex.1953); Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520 (Tex.1952).

■ We presume that the trial judge found in support of his judgment that the insured did not substantially comply with the method designated in the policy to change his beneficiary or that he did not do all that he could reasonably have done to effect a change. We cannot say that he erred in making such presumed findings.

Appellant's last point is that the trial court erred in setting aside the default judgment where the appellee was negligent, there was no act of wrongdoing on the part of the appellant and no showing by the appellee of a meritorious defense.

The trial court's judgment from which this appeal is being prosecuted was signed and entered on June 26, 1973. It recited that the motion to set aside the default judgment was heard on May 18, 1973, that the court considered it plus an affidavit filed by defense attorney Mr. Julian on May 17, 1973 and the amended verified answer filed May 30, 1973 by Metropolitan Life; that the court was of the opinion that the motion was well founded and had entered an order on May 30, 1973 granting the motion. That Metropolitan Life has offered to pay the proceeds of the policies into the registry of the court for benefit of Angela Rae Overkamp. The judgment further recited that the parties had asked that judgment be entered. It denied all relief prayed for by Mrs. Rector and dismissed her cause of action.

Appellant summarizes her argument under this point: "It is appellant's position that appellee had totally failed to allege, by any written affidavit or pleading, any meri-

torious defense to appellant's cause of action, and further that appellee's failure to answer both petitions of appellant served upon appellee was the result of conscious indifference and not due to a mistake or accident as such terms are understood in law."

We overrule this point. The trial court was not required to agree with the appellant's contention that the appellee was negligent or consciously indifferent.

We consider that the appellee showed a meritorious defense by calling the trial court's attention to the fact that plaintiff brought her suit as trustee for the insured's minor daughter and that on authority of Thatcher v. Conway, supra, the plaintiff was not entitled to recover. Her petition did not state a cause of action. There was no need to allege any facts under oath in order to call the court's attention to this matter.

"Rule 90, providing for the waiver of defects in pleadings, does not apply as to parties against whom judgment by default is rendered. The defendant's default admits all matters properly alleged, except the amount of unliquidated damages; but on appeal or writ of error it may be contended that there is no cause of action in law alleged, and if this contention be sustained the judgment will fall." 4 McDonald, Texas Civil Practice 119, Judgments § 17.23.3 (1971 ed.).

After rendition of a 'final' judgment, the trial court retains for a limited time an inherent power to set aside, modify, or amend the same without the necessity of a formal written or oral motion by a party, or for reasons not incorporated in a motion duly filed." 4 McDonald, Texas Civil Practice 220, New Trial § 18.03 (1971 rev.).

"By virtue of its inherent power, a trial court, regardless of statutory authority, may grant a new trial in a civil case while it has jurisdiction of the cause. It follows that the court, even without a motion, may set the judgment aside and grant a new trial if the ends of justice so require." 41 Tex.Jur.2d 28, New Trial, § 2.

A trial court has control over its judgment until it becomes final by operation of law, and during such time the court could on its own motion or motion of a party, vacate, modify, correct or reform such judgment, or grant a new trial. Harang v. Aetna Life Insurance Co., 400 S.W.2d 810 (Tex.Civ.App.1966, writ ref. n. r. e.); Bergman v. West, 262 S.W.2d 435 (Tex. Civ.App.1953, no writ); Glasscock v. Bryant, 185 S.W.2d 595 (Tex.Civ.App.1944, writ ref. w. m.); McClung v. Camp, 452 S.W.2d 727 (Tex.Civ.App.1970, writ ref. n. r. e.); Brown v. American Finance Co., 432 S.W.2d 564 (Tex.Civ.App.1968, writ ref. n. r. e.).

The motion to set aside the default judgment, which amounted to a motion for new trial, was timely filed within ten days after entry of the default judgment. Under the provisions of Rule 329b, T.R.C.P., the filing of the motion extended the trial court's authority to determine the motion and thus the court's jurisdiction over the cause for 45 days thereafter (or more, by written agreement), so the trial court still had jurisdiction over this cause when it set aside the default judgment on May 30, 1973.

"So long as the trial court had jurisdiction of the cause he had the power to . . . grant a new trial, either upon motion or upon his own accord.

" . . .

" . . . it is plain that the trial court had jurisdiction of the case pending before him for 45 days after the original motion for new trial was filed, and that he therefore, during that period of time, had complete control over his judgment, with power to set it aside . . . without any motion and of his own accord." Townes v. Lattimore, 114 Tex. 511, 272 S.W. 435 (Tex.1925).

In our case the trial court was fully informed as to the parties' respective positions when it set aside the default judgment, not only by the pleadings but also by the evidence placed in the record when the default judgment was taken.

■ Mrs. Rector must show that the trial court erred in setting aside the default judgment on a motion for new trial, a direct attack. The court had plenary power to set it aside and was entitled to conclude that the ends of justice required it. Under these circumstances we consider that it was not necessary for the appellee to excuse its failure to file an answer before the default judgment was taken, as stated in Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966). We have already stated our conclusion that the meritorious defense was established by calling the trial court's attention to the failure of the plaintiff's petition to state a cause of action.

Affirmed.