Milo V. CADENA, Appellant,

v.

Edward T. DICKER, Appellee.

No. 16409.

Court of Civil Appeals of Texas.

Dallas.

Sept. 25, 1964.

Arturo C. Gonzalez, Del Rio, for appellant.

Hyde, Tucker, Gano & Easterling, Dallas, for appellee.

BATEMAN, Justice.

The appellee Edward T. Dicker obtained a judgment against the appellant Milo v. Cadena for the balance claimed to be owing on a promissory note signed by appellant and payable to appellee. Appellant had filed a plea of privilege but on October 10, 1963 his attorney telegraphed appellee's attorney agreeing that the plea of privilege be overruled. This was done on October 11, 1963, and at the same time, no answer having been filed, a *nihil dicit* judgment was rendered. On November 7, 1963 appellant filed a motion for new trial, which was heard on December 13, 1963, and, no ruling having been made thereon by the court, it was overruled by operation of law on December 22, 1963.

■ The first point of error raises the question of the sufficiency of the motion for new trial to entitle appellant to have the judgment set aside. The rule by which we must be governed in answering this question is thus announced in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126:

> "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

At the hearing of his motion for new trial appellant's attorney testified that on September 16, 1963, while a patient in the hospital, he dictated an answer to his secretary and instructed her mail it to the clerk for filing; that on or about September 16 or 17, 1963 he learned that the hearing on his plea of privilege had been postponed from its setting on September 19, 1963 to October 10, 1963; that he "wired" appellee's attorney to prepare an order overruling the plea of privilege; that he did not discover

until October 29, 1963 that his secretary had not sent the answer he had dictated, consisting of a general denial, as he had instructed her to do; that he intended to file an answer and did not intend that a default judgment be rendered against his client; that the failure to file an answer was not due to conscious indifference on the part of himself or his client but was due to a mistake and misunderstanding. All of this testimony followed substantially the allegations in the motion for new trial and was not disputed. In the secretary's affidavit, attached to the motion, she excused her failure to mail the answer to the clerk for filing on the ground that she was under the impression that the answer would not have to be filed until after the overruling of the plea of privilege.

■ While *appellant's showing in this* respect was not as strong as might be desired, we think under the law it constituted a sufficient excuse for not timely filing the answer, especially in view of appellant's expression of willingness, contained in the motion, for the case to be set for trial on its merits "at the earliest possible convenience of Plaintiff's counsel" and the court, and his agreement to "pay all costs heretofore incurred and hereafter to be incurred in the trial of this cause." Only a slight excuse seems to be required under these circumstances. Craddock v. Sunshine Bus Lines, supra; Dowell v. Winters, 20 Tex. 793.

■ We turn now to the question of whether appellant in his motion sets up a meritorious defense when he alleges that the contract out of which the promissory note sued on arose was rescinded and terminated by appellee, resulting in the extinguishment of the note and appellant's liability thereon. Attached to the motion for new trial was a certified copy of a contract dated January 2, 1962, providing for the sale by appellee to appellant of a certain motel in Del Rio, Texas, and the furniture, furnishings, fixtures and equipment thereof. The recited consideration for the property

included the assumption by appellant of an unpaid balance of $46,014.87 owing on a note executed by appellee payable to H. T. Merrill and Dr. O. W. Wilson and their wives, and the execution by appellant of a promissory note for $77,194.03 payable to appellee (which is the note sued on).

Other pertinent provisions of the contract were that appellant should at once begin occupying and operating the motel, keeping it in repair and properly insured; that "if the buyer shall default in any of the terms, conditions, or obligations of this Agreement, and such default shall not have been remedied within twenty (20) days after written notice by Seller to Buyer, this Agreement shall terminate *ipso facto* upon the happening of any such contingency and Buyer shall quit and give up possession of the Premises"; that in event of default of Buyer, or termination of the agreement, "buyer shall have no right, title or claim to any sum or sums theretofore paid by him, whether in consideration of, or in pursuant to *(sic)*, the terms of this Agreement"; and that upon compliance with all the terms of the agreement and the payment in full of the $77,194.03 note seller will convey the premises to buyer by general warranty deed and also deliver to him a bill of sale to the personal property.

It was further alleged in the motion, and supported by affidavits of appellant's counsel and his secretary, that although appellee had agreed to defer the maturity of certain installments due on the note in question, he refused to accept payments under such extension and demanded that appellant vacate the motel and deliver it and its furnishings and $2,500 in the bank in its name to Merrill-Wilson Investment Company; that appellant complied with these demands on June 21, 1963 by executing a quit claim deed conveying the real property to that company and delivering to it possession of the motel, the personal property and the $2,500 in the bank; that on the same date appellee conveyed the real property to the same company by warranty deed, part of the recited consideration being the cancellation and

surrender of appellee's note which he had given H. T. Merrill and Dr. O. W. Wilson as part of the consideration for his purchase of the property from them in 1959, and upon which there was then due approximately $42,000.

We are of the opinion that this motion for new trial satisfied the requirements set forth in Craddock v. Sunshine Bus Lines, supra, and sustain appellant's first point of error. Appellant's contention that these transactions had the effect of restoring him to his *status quo* and of extinguishing his liability for the unpaid balance of the note sued on herein finds support in American Trust & Savings Bank v. Cotton F. & T. Corp., Tex.Civ.App., 10 S.W.2d 186, no wr. hist., wherein a vendor of land placed the deed in escrow, to be delivered to the buyer on payment of the purchase-money note. This note was also secured by a mortgage on growing crops. The vendor withdrew the deed from escrow, resumed possession of the land and sold it to another. It was held that, having rescinded the sale and rendered himself powerless to convey the land to the buyer, he had no right of action on the note and, a priori, could not recover damages against one who had converted the growing crops covered by his mortgage. See also 13 Tex.Jur.2d, Contracts, pp. 607, 615, 616, §§ 337, 342, and 50 Tex.Jur.2d, Sales, p. 667, § 286.

In holding, as we do, that the motion for new trial alleged a meritorious defense, we are not to be understood as holding that the facts so alleged established for appellant an impregnable defense as a matter of law, automatically entitling him to a favorable judgment. It is our view and holding that the allegations do raise a fact issue as to whether it was the intention of the parties that they be mutually released from all obligations arising from the original transaction, including the note signed by appellant. Appellant should have the right to establish, if he can, the affirmative of that issue by competent proof. See 13 Tex.Jur.2d, Contracts, p. 617, § 343, where it is said:

" 'Voluntary' or mutual rescission of a contract does not, as a matter of law or by necessity, have the effect of discharging the parties from liabilities that they have previously incurred under the agreement. On the contrary, the question of liability in such a case is determined by reference to the agreement to rescind. In construing that agreement, the court will look not only into the nature of the contract rescinded and the intent and situation of the parties at the time, but also into all attending facts and circumstances of the case. If the language of the agreement to rescind indicates that the parties are to be discharged from all prior liability, or if there is nothing in the agreement to indicate a different intention, both parties will be fully discharged of all prior liability. The converse of this obtains, however, where it appears that the agreement to rescind was not intended to have such an effect."

See also the following cases cited in support of that text: Alabama Oil & Pipe Line Co. v. Sun Co., 99 Tex. 606, 92 S.W. 253; Garrett v. Danner, Tex.Civ.App., 146 S.W. 678, no wr. hist.; and Bering Mfg. Co. v. W. T. Carter & Bro., Tex.Civ.App., 255 S.W. 243, 252, affirmed Tex.Com.App., 272 S.W. 1105.

Appellee contends that, since the answer which appellant's attorney dictated and intended to file consisted only of a general denial, appellee was entitled to judgment nevertheless because the answer was insufficient to assert a defense to a suit on a promissory note, citing Rule 94, Vernon's Texas Rules of Civil Procedure. But this is an appeal from a default judgment, which the formal answer would have prevented. Pat H. Stanford, Inc. v. Franklin, Tex.Civ. App., 312 S.W.2d 703, no wr. hist. Appellant would have had the right to amend his answer prior to or during trial. Rules 63 and 66, T.R.C.P. Being unwilling to assume that appellant would not have re-

quested leave to amend or that such request, if made, would have been denied, we overrule this contention.

Our disposition of appellant's first point of error makes unnecessary a discussion of his second and third points. They have been carefully considered, found to be without merit, and are overruled.

The judgment is reversed and the cause remanded for trial on its merits. All costs incurred to this date in both the district court and this court are taxed against appellant.

Reversed and remanded.