Weldon B. DRENNAN, Jr., Appellant,

v.

BELGIN ENTERPRISES, INC., Appellee.

No. 7011.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 21, 1968.

Ernest L. Sample, Alfred S. Gerson, Beaumont, for appellant.

No appearance for appellee.

STEPHENSON, Justice.

This is an appeal from an order sustaining defendant's plea of privilege. The parties will be referred to here as they were in the trial court.

Plaintiff brought this action in Jefferson County for damages based upon allegations of breach of a written contract attached to his petition. It is alleged that defendant is a Texas corporation. Defendant filed its plea of privilege to be sued in Dallas County. Plaintiff filed a controverting affidavit, making his petition a part by reference, and alleged that defendant corporation was doing business in Jefferson County and had an agent and representative in Jefferson County and a place of business in Jefferson County, all at the time this cause of action arose. Plaintiff also alleged in the controverting affidavit that the entire transaction, including all promises and agreements, and signing of all documents as well as tendering of the money, occurred in Jefferson County.

The order sustaining the plea of privilege recited that plaintiff failed to appear and present evidence or argument in support of his controverting affidavit at the time set for the hearing. A certificate by the court reporter approved by the trial judge was filed in this court showing no evidence was heard by the court. Plaintiff filed a pleading called a "Motion for Rehearing," which reads as follows:

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the plaintiff, Weldon B. Drennan, Jr., and respectfully excepts to the order of this Honorable Court reciting that the plaintiff failed to appear or present evidence or argument in support of his controverting plea, and would respectfully show unto the Court that the plaintiff by his counsel did make his appearance in the 58th District Court in Jefferson County, Texas on the 1st day of April, 1968, requesting to be heard, and was advised at that time that the Court had, some ten or fifteen minutes earlier, sustained a plea of privilege, at which time plaintiff's counsel pointed out to the Court that the defendant had failed to file any denial under oath of the written contract sued upon, and that therefore, in the opinion of counsel, the plea of privilege was not sustainable, and plaintiff's counsel requested the Court for a rehearing, and the Court stated that the matter was closed and could not be reconsidered, whereupon plaintiff's counsel requested that he be permitted to see the judgment which had been entered, and at which time the Court stated that the judgment had not been prepared but that he would allow counsel to be present on the following morning when the judgment would be signed, but the Court stating that the matter could not be reconsidered because of the earlier ruling by the Court.

Plaintiff would respectfully show unto the Court that he has a good defense to such plea of privilege, and that it would be highly inequitable to force this plaintiff to try this case in Dallas County, Texas; that all transactions pertaining to this case occurred in Jefferson County, Texas, and the suit is based upon a contract which is clearly performable in this county, and therefore, in justice to the plaintiff, this Honorable Court should grant a rehearing.

Plaintiff would further respectfully show the Court that his failure to appear promptly at 9:00 a. m., was not his personal fault, but was on account of unavoidable delay on the part of his counsel; that this controverting plea was originall [sic] set for September 14, 1967 at 2:00 p. m. by orders of the Court, and thereafter was postponed at the request of the counsel for the defendant, and that no other or formal order of Court was entered setting the same for hearing, but the Court notified the attorneys by a letter that the same would be heard on April 1, 1968, and his attorney was in Court requesting a hearing

long before the normal time for a plea of privilege hearing would have been completed, and was present only a few minutes after 9:00 a. m., and that the refusal of this Honorable Court to grant a rehearing and to hear evidence constitutes a refusal to reopen a default judgment when in truth and in fact there is no default, but his attorney was simply late for the hearing for reasons beyond his control, whereby he was in attendance upon the Court only a few minutes late, and was actually in Court on the same day and on the same morning as said cause was set for hearing, but was denied a hearing because of the previous ruling of the Court.

PREMISES CONSIDERED, Plaintiff respectfully prays the Court either to grant this motion for rehearing, or to approve this sworn motion as a bill of exceptioned to the order of the Court, in order that the full record may appear of what transpired.

This pleading was accompanied by an affidavit by Ernest Sample as follows:

BEFORE ME, the undersigned authority on this day personally appeared Ernest L. Sample, who being by me duly sworn upon his oath states:

My name is Ernest L. Sample. I am the attorney for the plaintiff in the above case. I was requested to handle this case by Alfred S. Gerson, previously representing the plaintiff, and I agreed to handle the same and I agreed to be present at the plea of privilege hearing on April 1, 1968. On the morning of April 1, 1968, it became necessary for me to be engaged in conversation with the Judge of another court in regard to the postponement of another case in order to avoid a conflict, and I was not in attendance on the Court at 9:00 a. m., but was in attendance on the Court at approximately 9:30 a. m. on April 1, 1968, at which time I was informed that the Court had already ruled on the plea of privilege. The Court was out of his of-

fice, and thereafter I searched in the courthouse to locate the Judge, and located him in the office of the District Clerk, at which time I made inquiry about this matter and was told that the Court had already made a ruling on the plea of privilege, and that the matter could not be considered further due to the fact that no one had appeared for the plaintiff.

The matters and facts alleged in the Plaintiff's Motion for Rehearing to which this affidavit is attached are true and correct of my knowledge.

The trial court denied this motion by written order, also called a bill of exception, reading as follows:

CAME on for consideration the Plaintiff's Motion for Rehearing, the same having been presented to the Court within ten (10) days after the entry of the order sustaining the Plea of Privilege in this cause, and the Court having considered said Motion for Rehearing, and being of the opinion that the same should be overruled, and the same is hereby overruled.

IT IS further ORDERED by the Court, however, that the Plaintiff's Motion for Rehearing be certified as a Bill of Exception, and the Court hereby approves said motion for rehearing as a Bill of Exception, and certifies that the same sets out the facts correctly, except for the following:

That at the time of the hearing on the plea of privilege and the controverting pleas in the above case, the only attorney of record for the plaintiff, Weldon B. Drennan, Jr., shown in any way by the file in the above case or known to the trial Court was Hon. Al Gerson; that the hearing was set for a period of time from March 13th, 1968 to April 1st, 1968; both attorneys in the case, Hon. John Fulbright and Hon. Al Gerson were notified by written communications of March 13th of the April 1st, 1968 setting. At nine o'clock a. m. on April 1st, Hon. John Fulbright, attorney of record for the defendant, Belgin Enterprises, Incorporated appeared and

asked that the proceeding commence; that at this time the trial court waited an additional fifteen or twenty minutes for the plaintiff himself or the attorney for the plaintiff to appear and neither did so; that before proceeding, the trial Court asked and inquired of the deputy district clerk attached to the 58th District Court, Miss Kay Baker, if the Hon. Al Gerson had been notified of the hearing and the Court was advised that Mr. Gerson had been notified by letter dated March 13th, 1968 and that Mr. Gersons office had been called and reminded of the hearing on the previous Friday, being March 29th, and advised of the hearing again on the morning of the hearing, being Monday, April 1st at about eight-thirty or eight-forty a. m.; that at about twenty minutes past nine o'clock a. m., Mr. Fulbright asked that the matters set for hearing proceed, which request was granted by the Court. That at the time of the scheduled hearing, there was nothing in the file in the district clerks office or nothing in the correspondence file to indicate that the Hon. Al Gerson had associated the Hon. Ernest Sample in the case. That if in the file of the case or in the correspondence concerning the case the name of the Hon. Ernest Sample had been brought forward and recorded, the trial Court would have seen to it that Hon. Ernest Sample would have received the same letters and telephone notices as were given to the Hon. Al Gerson. The Court further qualifies the bill, taking exception and making qualification to the language that "The Court stated that the matter was closed and could not be reconsidered." The Court takes exception and also qualifies the language in the bill of exceptions, "but the Court stating that the matter could not be reconsidered because of the earlier ruling by the Court." In this regard, the bill is qualified to the effect that counsel for the plaintiff stated he intended to file a motion for rehearing and the Court stated he would consider the same. That by letter of March 13, 1968, Hon. John Fulbright, attorney at law and Hon. Al Gerson, attorney at law were notified that the hearing was set

on April 1st, 1968 at 9:00 a. m. That as late as February 29, 1968, Hon. Al Gerson wrote a letter to the Court with copy to Mr. John Fulbright, attorney at law, 2462 Calder, Beaumont, Texas and to Mr. Fil A. Chrissey, President, Belgin Enterprises, Inc. 2626 West Mockingbird Lane, Dallas, Texas, stating "The leading counsel for Plaintiff is Alfred S. Gerson." That on March 7th, 1968, the deputy clerk wrote a letter to Hon. Al Gerson notifying him that the said case had been set for trial on the merits for the week of September 16th as the number 10 case on the jury docket.

The following part of the qualifications of the bill has been suggested by Hon. John Fulbright and found to be correct by the Court:

## QUALIFICATION TO BILL

The hearing on said Plea of Privilege was regularly scheduled for 9:00 o'clock A.M. April 1, 1968, and counsel of record for the Plaintiff at the time of such notice, to-wit: Alfred S. Gerson, was notified accordingly. The court was not aware that Ernest L. Sample was acting as one of the attorney's [sic] for the Plaintiff until the court was so advised by Mr. Sample sometime during the morning of April 1, 1968, after the court had already ruled on the Plea. Counsel for the Defendant was not aware that Mr. Sample was in the case until late in that same day. Mr. Alfred S. Gerson's office was again notified by telephone by the Clerk of the Court at approximately 8:30 or 8:45 A.M. on April 1, 1968, that the hearing was set for 9:00 o'clock A.M. Mr. Sample did not advise the court or counsel that he would appear in the case or that he would be unavoidably detained until 9:30 A.M. on said date. At 9:00 o'clock A.M. on April 1, 1968, the attorney for the Defendant, John L. Fulbright and D. A. Frank, Jr., General Counsel for the Defendant, were present in the courtroom and were advised by the court that we would wait 10 or 15 minutes for Mr. Gerson and his client to appear. The court then retired to chambers. At approximately

9:15 or 9:20 A.M. on said date the court took the bench and called the case for hearing at which time neither the Plaintiff nor his attorneys appeared. At the conclusion of such hearing the court entered an order transferring the cause to Dallas County in accordance with the Plea. No complaint or objection was made to the court at any time prior to or during such hearing concerning the sufficiency of such Plea. The court then instructed counsel for the Defendant to prepare an appropriate order sustaining the Plea and dismissed counsel and the witness aforesaid. At no time during the proceedings did the Plaintiff or his attorneys appear.

Except for the foregoing qualifications, said Motion for Rehearing is hereby APPROVED as the Plaintiff's Bill of Exception No. 1.

ENTERED this 10 day of April, 1968.

 Plaintiff contends the trial court erred in not setting aside the order sustaining the plea of privilege. We agree this point is well taken. The correct rule which is applicable to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial, is stated in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, as follows:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

The same rule is applicable to default judgments entered on failure of defendant or his counsel to appear for trial. Ivy v. Carrell (Tex.) 407 S.W.2d 212. According to this Carrell case, the rule of the Craddock case does not require proof of a meritorious defense, but the motion should be granted if it sets up a meritorious defense. The motion must allege facts which in law would constitute a defense to the cause of action and must be supported by affidavits or other evidence proving prima facie that defendant has such meritorious defense. Testing the motion for rehearing, the affidavit of the attorney, and the order of the court or bill of exception, plaintiff satisfied all of the requirements.

Reversed and remanded.