**R. L. BEARD, d/b/a Beard's Paint and Wallpaper, Appellant,**

v.

**D. R. McKINNEY, d/b/a Pit Drive Inn, Appellee.**

**No. 15645.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 25, 1970.

James W. Gregg, Rosenberg, for appellant.

R. A. Stallings, Rosenberg, for appellee.

COLEMAN, Justice.

This is an appeal from a default judgment granted to D. R. McKinney on his cross-action against R. L. Beard. The default judgment was entered December 8, 1969, and appellant filed his motion to set aside default judgment on December 11, 1969. On January 15, 1970, appellant's motion was heard and overruled, and appellant gave notice of appeal and duly perfected his appeal to this Court.

From the transcript filed in this Court it appears that appellant originally filed a suit in the nature of a Texas Rules of Civil Procedure, rule 185 suit on sworn account on September 23, 1969. Appellee answered with a Rule 185 sworn denial, and further filed a cross-action against appellant, all on September 26, 1969. On December 8, 1969 a default judgment was entered for appellee, cross-plaintiff, which recited, among other things, that appellant's appearance day had passed without an appearance by appellant or his counsel, and that appellant had been duly served with citation, which citation, with the officer's return attached, had been on file more than ten days exclusive of the date of filing and the date of judgment. Judgment was rendered for appellee, cross-plaintiff. Appellant's motion to set aside default judgment, filed December 11, 1969, alleged actions of appellee inconsistent with the taking of a default judgment, to wit: The attorney for appellee had agreed on a jury trial date of

December 9, 1969, that the default judgment was taken one day before the agreed trial date, and that the attorney for appellee had taken depositions on December 5, 1969, four days before the alleged agreed trial date. Further, appellant's motion alleged an unintentional mistake in not answering appellee's cross-action; and further alleged a good and meritorious defense to the cross-action. Specifically, appellant denied under oath three allegations in appellee's cross-action, and set up a general denial. The depositions taken on December 5, 1969 were specifically incorporated by reference into the motion. The depositions were on file at the time the judgment was rendered. The order overruling the motion recites that "such motion having been presented to the Court in due time, manner and form and with due notice * * * is hereby overruled."

Appellant presents two points of error, complaining of the trial court's action in overruling the motion because of the inconsistent conduct of appellee's counsel, recited above, and because of the unintentional failure to file an answer and the alleged meritorious defense.

■ This appeal is controlled by Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (Tex.Com.App.1939, opinion adopted), and Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup.1966), and the later cases following these two decisions. Both cases apply equally to instances where a defendant fails to timely file an answer, and where the answer is timely filed, but defendant or his attorney fails to appear at the trial. Drennan v. Belgin Enterprises, Inc., 434 S.W.2d 899 (Tex.Civ.App.—Beaumont 1968, no writ). In Craddock, the Supreme Court adopted the opinion of the Commission of Appeals which set out the standard for this type of case:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indiffer-

ence on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

It has been held that the reason for not timely filing an answer need only be a "slight excuse". Cadena v. Dicker, 383 S.W.2d 73 (Tex.Civ.App.—Dallas 1964, no writ).

■ In Ivy v. Carrell, supra, the Supreme Court further explained the Craddock case, stating that the meritorious defense need not be proved, only set up. In explaining this standard, the court said:

"This does not mean that the motion should be granted if it merely *alleges* that the defendant 'has a meritorious defense.' The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense."

Thus, the test to be applied has a two-fold standard. Appellant must allege *facts* which would provide a defense, and further, must support such alleged facts with evidence sufficient to make out a *prima facie* case.

■ Except for the incorporation of the depositions into the motion for new trial, appellant did not allege facts constituting a defense. The denials of specific allegations in appellee's cross-action and the general denial do not meet the test of Ivy v. Carrell, supra, in that they do not allege any *facts* which would serve as the basis for a *prima facie* case. Further, attorneys for both parties signed on February 11, 1970, a "Statement os Facts—Narrative Form" which, by its own language, purports to be "all the facts given in evidence and all the evidence adduced" at the January 15, 1970 hearing on the motion. The

facts recited deal solely with the breakdown of procedure in appellant's attorney's office which occasioned the delay in the filing of the answer to appellee's cross-action. No mention is made of any facts which would constitute the basis of a meritorious defense.

■ While the agreed statement of facts contains no reference to the depositions, they were filed prior to the hearing on the motion for new trial, and were incorporated by reference into the motion. The depositions were short, and no undue burden was imposed on the court by this device. They were properly before the trial court and are properly before this Court.

Appellee, by cross-action, sought to recover the difference between the cost of certain carpeting, installed in his restaurant by appellant, and the cost of Vinyl tile, with which appellant subsequently replaced the carpet. He alleged that appellant represented and warranted that the carpet would not unduly absorb dirt and could be practicably and economically maintained and would be suitable for the purpose for which he knew the carpet had been purchased. He alleged that the carpet was unduly and excessively absorbing dirt and, "from a practicable standpoint," could not be kept clean and presentable, and that it became unusable for the purpose for which it was purchased.

■ In his motion for new trial appellant specifically denied these allegations. He did not allege facts tending to show that the carpet was suitable for use in a restaurant, or negativing knowledge on his part of the proposed use. Neither did he allege facts showing that the carpet was suitable for the intended use. The deficiency in the pleading was supplied by the incorporation of the depositions into the motion.

In his deposition appellant states that he has had twenty-three years' experience in the carpet business; that appellee desired to use carpet in his place of business and

proposed to buy it from a competitor; that he was familiar with appellee's place of business and the type of trade he had, and that he solicited the business after appellee had decided on carpet. The only guarantee which the carpet carried was as to grade. He recommended the particular carpet for use in appellee's place of business, and told him that it was suitable for that use. He told him that it could be kept clean easily and economically; and that over a period of time he would more than save the price of the carpeting on cleaning alone. He also testified that the last representation was true. He gave him a cleaning manual.

He testified that appellee made no complaint for a year. When appellee did complain, he loaned him his shampooer. He asked the factory to send their men to check on the carpet. He went to Houston to get the proper shampoo. He offered to clean the carpet, but was not permitted to do so. It was his opinion based on his judgment and skill in the carpeting business that the carpet would be satisfactory for appellee's particular use if it was given proper maintenance. The carpet was of a brand manufactured especially for places where there is a lot of grease and dirt. Appellee's only complaint was that he had trouble keeping the carpet clean. Before he replaced the carpet he quoted appellee a price of 45 cents per square foot for the Vinyl tile. Appellee did not indicate to him that he thought the tile should be put down free.

Certain testimony given by appellee on deposition is summarized. He said that the carpet was not damaged except for being dirty. He followed the instructions found in the maintenance manual given him. He shampooed the carpet "about" every twenty-five days. He had the necessary equipment. Sometimes he leased equipment from appellant. The cleaner he used was "in the nature of" the cleaner recommended in the manual. Two men purporting to be factory representatives together with appellant, inspected the carpet and told him that he was using the wrong

kind of shampoo, one that had oil in it. The problem was caused by the fact that there was oil in the carpet and oil in the shampoo. Other testimony found in appellee's deposition sustained his cause of action and contradicted some of the testimony of appellant.

The pleadings and evidence before the trial court on the motion for new trial meet the test set out in Craddock v. Sunshine Bus Lines, Inc., supra.

Appellant was given no notice of the trial held on December 8, 1969, at the conclusion of which judgment was rendered disposing of appellant's cause of action as well as appellee's cross-action. The trial court erred in denying the motion for new trial. Box v. Associates Investment Company, 352 S.W.2d 315 (Tex.Civ.App.— Dallas 1961); Investors Diversified Services, Inc. v. Bruner, 366 S.W.2d 810, 815 (Tex.Civ.App.—Houston 1963, writ ref., n. r. e.).

The judgment of the trial court is reversed and the cause is remanded for trial.