REPUBLIC BANKERS LIFE INSUR-
ANCE COMPANY, Appellant,

v.

W. J. DIXON, Appellee.

No. 571.

Court of Civil Appeals of Texas,
Tyler.

July 15, 1971.

Beard & Kultgen, Thomas L. Cook, Waco, for appellant.

Gordon Macdowell, Charles L. Attaway, Dallas, for appellee.

McKAY, Justice.

Appellee filed suit against appellant on July 14, 1970, to recover benefits claimed to be due under a hospital, surgical and medical insurance policy. Appellant did not file an answer, and default judgment was taken by appellee on August 20, 1970. Appellant learned of the default judgment on August 24, 1970, and notified its attorneys who, on August 27, 1970, filed a motion to set aside the default judgment and grant a new trial. Hearing was had on the motion, and this appeal is from the order of the trial court overruling appellant's motion for new trial.

Citation was served upon appellant on July 17, 1970. Appellant's sworn motion for new trial alleged that appellant wrote a letter dated July 21, 1970, to its attorney in which it was stated that there was enclosed a plaintiff's petition filed against appellant by appellee, and that appellant did not want to settle the case; that the envelope containing the letter did not contain the petition filed by appellee but contained only the letter, a copy of appellee's application for hospital benefits, and the physician's report; that the letter informed appellant's attorney only of the name of the claimant, his policy number, and his attorney's name; that appellant's attorney could not prepare and file an answer from the information contained in the letter and the

enclosed claim and doctor's statement; that a file was made up containing the letter and a copy of appellee's application for hospital benefits and physician's report; that appellant's attorney intended to notify appellant that appellee's original petition had not been sent with the letter; that the file was inadvertently filed away and not returned to his desk; that on August 24, 1970, appellant received a copy of a default judgment taken against it by appellee, such judgment dated August 20, 1970; that appellant immediately, on August 24, 1970, notified appellant's attorney of the default judgment and on August 25, 1970, appellant's attorney called and talked with appellee's attorney and informed him a motion for new trial would be filed and asked if appellee's attorney would agree to set the default judgment aside; that appellee's attorney stated he could not make any such agreement, whereupon appellant's counsel stated that if the judgment was set aside, appellant would stand ready to try the case at such time as the court set the trial and as was convenient for appellee's attorney; that appellant had a meritorious defense because the application for hospital benefits and the doctor's report showed that the cataracts on appellee's eyes existed prior to his surgery and at a time when, by the policy provisions, appellant would not be liable since it was a pre-existing condition or disease; that the cataract operation originated either before the issue date of the policy or within six months after such issue date and is not covered by the provisions of the policy.

The record made at the hearing on the motion for new trial shows that appellant's attorney, upon receiving the letter and appellee's claim for benefits and the doctor's report, instructed his secretary to return the file to him after it was made up because he kept all active case files in his desk. Appellant's attorney testified he intended to contact appellant and obtain the necessary information to file an answer to the suit and that the secretary "on some error or inadvertence on her part" failed to return the file to the attorney's desk as

she had been instructed to do, but instead filed it in the general files in his office. He further testified it slipped his mind and he completely forgot about the case until appellant notified him of the default judgment. It was also shown that if the default judgment was set aside, appellee could have obtained a new trial as soon as he could have done so, had an answer been filed in time. In addition, appellant's counsel offered to pay the costs and an attorney's fee to appellee's counsel if a new trial could be granted.

The exhibits introduced at the hearing on the motion for new trial reveal that appellee on his application for hospital benefits made and filed a claim for hospital costs from September 12 to September 18, 1968, for cataract surgery on his right eye, and show appellee also had cataract surgery on his left eye on April 28, 1969. His petition alleged that he fell on July 20, 1968, and injured his arm and other parts of his body, and that as a direct result of such fall, surgery was required to remove cataracts from his eyes. Appellee was 86 years of age in 1968, and his claim shows he consulted Dr. M. R. Harrington on May 15, 1968, the same day the policy became effective. Dr. Harrington, who performed the surgery, made a report which shows he first attended appellee on May 16, 1968. Cataract surgery was performed on September 13, 1968.

The policy provides in Part IX: "* * * Any Sickness resulting in a surgical operation or procedure shall not be covered under Part IX unless the cause of the operation or procedure originates more than six months from the Issue Date hereof * * *." Sickness is defined on page 1 of the policy as meaning "* * * sickness or disease contracted and originating after the Issue Date * * *."

Appellant brings one point by which it contends that the trial court erred in failing to grant a new trial because its failure to answer the suit was not intentional or the result of conscious indifference, but was due to mistake or accident, and that

such motion set up a meritorious defense and would not have caused delay or worked injury to appellee.

In the leading case of Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (Comm. of App., 1939), which has been followed by numerous decisions, the rule applicable here is stated as follows:

"* * * A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of a conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. * * *"

Ivy v. Carrell, 407 S.W.2d 212 (Tex. 1966), confirms that the Craddock case states the correct rule and also states:

"The rule of Craddock does not require proof of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up a meritorious defense.' * * *

"* * * The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. * * *"

The following cases, cited by both appellant and appellee, cited and approved Craddock:

Newsom v. Boyd, 203 S.W.2d 874 (Tex. Civ.App., Galveston, 1947, n. w. h.);

City of San Antonio v. Garcia, 243 S. W.2d 252 (Tex.Civ.App., San Antonio, 1951, writ ref.); and

Cadena v. Dicker, 383 S.W.2d 73 (Tex. Civ.App., Dallas, 1964, n. w. h.).

Among the latest cases to follow Craddock and Ivy is Beard v. McKinney, 456 S.W.2d 451 (Tex.Civ.App., Houston 1st, 1970, n. w. h.), and Young v. Snowcon, Inc., 463 S.W.2d 225 (Tex.Civ.App., Houston 14th, 1971, n. w. h.).

■ When a motion to set aside a default judgment and grant a new trial is filed within the time allowed for the filing of motions for new trial, it is addressed to the sound discretion of the court, and such action of the trial court will be overturned only on a showing of an abuse of discretion. Brothers Department Store v. Berenzweig, 333 S.W.2d 445 (Tex.Civ.App., San Antonio, 1960, n. w. h.).

■ The facts in this case are undisputed, and tested by the rule of Craddock, the record here clearly reveals that the failure of appellant and its counsel to answer was not intentional or the result of conscious indifference, and the sworn motion for new trial and the evidence adduced at the hearing of such motion clearly demonstrates that the failure to answer was due to mistake or accident and that appellant set up a meritorious defense. We hold under the record that the trial court abused its discretion in failing to grant appellant's motion for a new trial.

Appellee cites Harris v. Lebow, 363 S. W.2d 184 (Tex.Civ.App., Dallas, 1962, writ ref., n. r. e.), on the question of negligence of appellant. We believe Harris may be distinguished from the case at bar because in Harris, there was no showing why an answer was not filed in time. The opinion in Harris states facts there clearly distinguishing it from Craddock.

Appellant has appealed separately by writ of error and such appeal was consolidated with the regular appeal. In view of the disposition of the case, it is not necessary to discuss the question brought by writ of error.

The judgment of the trial court is reversed and the cause is remanded for a trial on the merits.