**A. D. KIRK, Appellant,**

v.

**FARMERS AERIAL SPRAYING SERVICE, INC., Appellee.**

**No. 8363.**

Court of Civil Appeals of Texas, Amarillo.

June 4, 1973.

**740**

Brown & Harding (Clifford W. Brown), Lubbock, for appellant.

Young & Green (Gordon H. Green), Muleshoe, for appellee.

ELLIS, Chief Justice.

This is an appeal from a judgment overruling a motion for new trial in a suit in which a default judgment was granted after the defendant had answered but failed to appear when the case was called for trial. Reversed and remanded.

Farmers Aerial Spraying Service, Inc., plaintiff-appellee, brought suit on a sworn account alleged to be due and owing by A. D. Kirk, defendant-appellant, for goods, wares, merchandise and/or services furnished, together with interest and attorney's fees. The plaintiff's original petition was filed on January 18, 1972. The defendant's original answer was filed on February 11, 1972, and his first amended answer, consisting of special exceptions, a sworn denial of the account, affirmative defenses and a cross-action, was filed on September 6, 1972. The defendant had

filed his jury deposit on March 20, 1972. The case was regularly set for jury trial on October 2, 1972, at 10 o'clock a. m., at which time the case was called for trial. When the case was called for trial, plaintiff announced ready, but neither the defendant nor his attorney was present in court. The record reflects that shortly after 10 o'clock a. m., the trial judge instructed the court reporter to contact the defendant's attorney by telephone. It was then learned that the defendant's attorney was not available because he was involved in a matter in Wichita Falls, Texas. The attorney informed the trial judge that through an administrative error in his office, his secretary had not informed him of the trial setting, but that he would be in court the following day, and requested that the trial be delayed until the following morning. He offered to waive his right of voir dire examination of the jury panel and agreed to the selection of the jury in his absence in order to minimize the delay. The trial court ruled that sufficient cause for delay did not exist, whereupon the plaintiff waived a jury trial and proceeded to present its evidence. At the close of the plaintiff's evidence, the plaintiff was granted a default judgment in the amount of $7,422.88. On October 9, 1972, the defendant filed a motion for a new trial and subsequently filed his amended motion for new trial on October 27, 1972. A hearing was held on the motion for new trial on November 9, 1972. The trial court entered its order overruling the motion for new trial on November 15, 1972, and from such order the defendant has brought this appeal.

The appellant contends, inter alia, that the trial court erred in overruling his motion for new trial because his failure to appear before judgment was not intentional or the result of conscious indifference, but was due to a mistake or accident. He insists, also, that he has set up a meritorious defense and that the granting of the motion would not have caused delay or injury to the appellee.

▪ The established rule in Texas regarding the setting aside of a default judgment by means of a motion for new trial is set out in the case of Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S. W.2d 124, 126 (1939). The Craddock rule, based upon equitable principles and involving the exercise of sound discretion by the trial court, is stated as follows:

". . . A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. . . . It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

Also, this rule is applicable to default judgments entered upon the failure of the defendant or his counsel to appear for trial. City of Fort Worth v. Gause, 129 Tex. 25, 28, 101 S.W.2d 221, 222 (1937); Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966).

In the Craddock case, a citation had been mailed to an insurance company for attention, but by reason of some mischance, and in an unexplained manner, the letter containing the citation was placed with mail that did not need immediate attention. As a result no answer was filed in the suit and a default judgment was taken. Regarding the matter of excuse for failure to answer, the Supreme Court cited the 1858 case of Dowell v. Winters, 20 Tex. 793, which held that although the excuse there offered was "certainly very slight" some excuse was offered and the default should be set aside as it was not the intention of the attorney who failed to answer to suffer judgment by default. In commenting on the decision in Dowell v.

Winters, supra, regarding the matter of excuse discussed therein, the court in *Craddock* stated:

"Some excuse, but not necessarily a good excuse, was the test there prescribed. When the opinion in that case is analyzed, it seems clear that the *absence of an intentional failure* to answer *rather than a real excuse for not answering* was the controlling fact." (emphasis ours)

See also, City of San Antonio v. Garcia, 243 S.W.2d 252 (Tex.Civ.App.—San Antonio 1951, writ ref'd); Cadena v. Dicker, 383 S.W.2d 73 (Tex.Civ.App.—Dallas 1964, no writ); Great Liberty Life Ins. Co. v. Flint, 336 S.W.2d 434 (Tex.Civ.App.—Fort Worth 1960, no writ). It is noted that in the recent case of Republic Bankers Life Ins. Co. v. Dixon, 469 S.W.2d 646 (Tex. Civ.App.—Tyler 1971, no writ), the failure to file an answer was excused on the showing that a secretary failed to return a file to the attorney's desk, but instead filed it in the general files of his office. As stated in 4 McDonald, Texas Civil Practice, New Trial § 18.10.2, at 268, 269:

". . . Each case . . . depends to a large measure upon its peculiar facts, . . . . The precedents establish, however that the tendency should be, when the requirements hereafter stated are met, (meritorious defense and the motion filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff) to grant the new trial liberally upon a showing that defendant has not intentionally or with conscious indifference ignored his obligation to answer or to appear at the trial."

■ The appellant contends that his failure to appear was not intentional nor due to conscious indifference, but was due to an accident or mistake in that through an error and misunderstanding with his secretary in the administrative operation of his office, he had not been reminded of the trial setting. The appellant had requested a jury, but when contacted by the trial judge on the day of the trial, he offered to waive any challenge that he might have to the jury panel and requested that the jury be selected and empanelled without his being present and promised the court that he would be present to proceed with the trial of the case the following morning. The appellant's timely filing of an answer containing special exceptions, sworn denial of the appellee's claim, affirmative defenses and cross-action, his pre-trial preparation, timely request for a jury, the administrative error in the attorney's office, are all, in our opinion, indicative that the failure to appear and defend the cause were not intentional or the result of conscious indifference on the defendant's part.

The second test in determining whether the appellant is entitled to a new trial is whether the motion sets up a meritorious defense. In Ivy v. Carrell, supra, confirming the rule set out in the Craddock case, the Supreme Court stated:

"The rule of *Craddock* does not require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up a meritorious defense.' * * *

"* * * The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such a meritorious defense. * * *"

■ In this case, in the defendant's affidavit made a part of the motion for new trial and in evidence presented at the hearing on the motion for new trial, in which reference was made to his defense set out in his amended pleadings, he set up the defense of failure of consideration and alleged as facts that he could prove: (1) that the chemicals sprayed by plaintiff on his crops were ineffective and insufficient

743

to effect a kill of the insects and weeds as represented and guaranteed by the appellee; (2) that the appellee had promised to return and spray the weeds again and had refused to do so for a period of five days; and (3) that he was damaged in a specific amount by reason of decreased production of crops by reason of such misrepresentation and misapplication of the chemicals. Further, the appellant sought to recover against the appellee a specific sum for the particular damages claimed. Although mere conclusions by interested parties are insufficient as a meritorious defense, Haskins v. Finks, 470 S.W.2d 717 (Tex.Civ. App.—Eastland 1971, writ ref'd n. r. e.), we believe that in the case at bar the appellant has set up a meritorious defense within the requirements of Ivy v. Carrell, supra. Although the defensive allegations are made by an interested party, they are positive, direct and specific and tend to show prima facie that appellant has a meritorious defense to the plaintiff's claim.

■■ The third requirement is that the motion must be "filed at a time when the granting thereof will occasion no delay or otherwise work an injury on the plaintiff." Craddock v. Sunshine Bus Lines, Inc., supra. In the instant case, there is no contention that the motion for new trial was not promptly filed and urged following the entry of the judgment. The appellee insists that the granting of such motion for new trial would work injury since there are other judgments pending against the defendant. Although during the hearing on the motion for new trial held on November 9, 1972, upon cross-examination the appellant stated that there had been two judgments abstracted against him "this year," there was no evidence that there were additional judgments that would place the appellee in a less favorable position than that already existing in the event the court should grant the motion for new trial. It was shown that the appellee's

business was seasonal in nature, but there was no indication in the evidence that it would have been prejudiced in that respect if the motion for new trial had been granted. It is for the trial court to determine upon the whole record the existence of facts bearing on the balance of equities as between the parties on the question of hardship and injury, Griffin v. Duty, 286 S.W.2d 229 (Tex.Civ.App.—Galveston 1956, no writ).

■■ The granting or denial of a timely motion for new trial is addressed to the sound discretion of the court and the action of the trial court will be overturned only on a showing of an abuse of discretion. Brothers Department Store v. Berenzweig, 333 S.W.2d 445 (Tex.Civ.App.— San Antonio 1960, no writ); Muenster Manufacturing Company v. Muenster Industrial Foundation, 426 S.W.2d 909 (Tex. Civ.App.—Fort Worth 1968, no writ). We have carefully reviewed the facts of this case and tested the same by the rule of Craddock, and it is our opinion that the record reveals that the failure of the appellant and his attorney to appear was not intentional or the result of conscious indifference, and the motion for new trial and the affidavit and evidence adduced at the hearing on the motion clearly demonstrate that the failure to appear was due to mistake or accident, that the appellant has set up a meritorious defense and that under the existing equities the granting of the motion would not be prejudicial or injurious to the rights of the appellee.

We hold that under the record and in the light of the foregoing authorities, the trial court abused its discretion in overruling appellant's motion for new trial. In view of this holding we do not reach the other points raised on this appeal.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.