D. J. SPEARS, Appellant,

v.

Lonnie E. BROWN, Appellee.

No. 8547.

Court of Civil Appeals of Texas, Texarkana.

May 16, 1978.

Rehearing Denied June 13, 1978.

Jack C. Morgan, Morgan, Shumpert, Huff, Mosley & Co., Kaufman, for appellant.

Louis W. Conradt, Jr., Ramsey & Conradt, Terrell, for appellee.

CORNELIUS, Chief Justice.

Appellant, D. J. Spears, perfected this writ of error to secure review of a default judgment rendered against him in favor of Appellee, Lonnie E. Brown. His principal contention here is that the district court erred in refusing to grant him a new trial on the ground that his failure to answer was due to accident or mistake.

The action was instituted by Brown against Ray Bostick. The petition alleged that Brown and Bostick were partners in a club known as The Thirsty Twenties Club and that Bostick had wrongfully excluded Brown from the partnership and had refused to account to him for his share of the partnership profits. An accounting and unspecified damages were sought. Bostick answered by general denial. Interrogatories were later served upon Bostick and were promptly answered. Brown subsequently filed his first amended original petition which brought appellant Spears into the case as a defendant with Bostick. The amended petition simply alleged that Brown and the "defendants" (Bostick and Spears) were partners in The Thirsty Twenties Club and that the *defendants* had excluded Brown from the club and had refused to account to him for his share of the "partnership profits." Spears, although served with personal citation, failed to file an answer to the amended petition or to appear at the trial. On January 19, 1977, Brown presented to the district court evidence on the amount of his claimed damages, and on January 21, default judgment for the sum of $15,000 was rendered against Spears only. On February 21, 1977, Brown dismissed, without prejudice, his suit against Bostick.

On February 18, 1977, appellant filed a motion asking that the default judgment rendered against him be set aside and a new trial granted. To excuse his failure to appear and answer the suit, Spears' affidavit attached to his motion alleged, among other things, that:

"I didn't file an Answer because I went with Ray Bostick to the law firm of Morgan, Shumpert, Huff, Mosley & Co., when Ray told them the Answers to Plaintiff's Interrogatories. When I was served with the Plaintiff's First Amended Original Petition and saw down at the bottom that Tommy Bastian, attorney of record for Ray Bostick, was given a copy of Plaintiff's First Amended Original Petition, I just assumed Ray and I were both represented by the law firm of Morgan, Shumpert, Huff, Mosley & Co., because we were both Defendants in the same suit. When I learned about the Abstract of Judgment I immediately called Mr. Shumpert and asked him what was happening. I was told the law firm never considered itself my attorney of record so I immediately retained them to help me fight the Default Judgment which I knew nothing about."

The district court overruled the motion.

A proceeding by writ of error in the court of civil appeals is but another method of appeal. *Smith v. Smith,* 544 S.W.2d 121 (Tex.1976); *Ward v. Scarborough,* 236 S.W. 441 (Tex.Com.App.1922, judgmt. adopted); 3 Tex.Jur.2d, Appeal and Error-Civil, Sec. 11, p. 284. It brings the entire case before the appellate court for review of all rulings of the trial court properly assigned as error. *Ward v. Scarborough,* supra; *Riley v. Mead,* 531 S.W.2d 670 (Tex.Civ.App. El Paso 1975, no writ); *Benthall v. Goodwin,* 498 S.W.2d 510 (Tex.Civ.App. El Paso 1973, no writ); 3 Tex.Jur.2d, Appeal and Error-Civil, Sec. 9, p. 283. However, it is not available to a party who participated in the actual trial of the case in the lower court. Tex.Rev.Civ. Stat. art. 2249a.

On writ of error, in the review of fundamental errors or legal errors in the judgment itself or in the trial leading to the judgment, the appellant is not required to excuse his failure to appear at the trial, nor is he required to show a meritorious defense or cause of action. *Stafford Const. Co., Inc. v. Martin,* 531 S.W.2d 667 (Tex.Civ.App. El Paso 1975, no writ); *Middlemas v. Wright,* 493 S.W.2d 282 (Tex.Civ.App. El Paso 1973, no writ); see 4 McDonald's, Texas Civil Practice, Sec. 18.10.3, Comment at Note 67, p. 270. But whether on appeal or writ of error, when the error relied upon for reversal is the trial court's refusal to set aside a default judgment upon equitable grounds alleged in a motion for new trial filed while the trial court still retains jurisdiction over the judgment, the appellant must show that his failure to answer or attend the trial was not intentional or the result of conscious indifference on his part, but was due to an

accident or mistake, and he must set up a meritorious defense to the cause of action which forms the basis of the judgment, i. e., allege in his motion facts which would constitute a defense and support them by affidavits or other evidence constituting prima facie proof of such defense.[1] *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966); *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939); *Pierson v. McClanahan,* 531 S.W.2d 672 (Tex.Civ.App. Austin 1975, writ ref'd n. r. e.); 4 McDonald's, Texas Civil Practice, Secs. 18.10.1, 18.10.2, 18.10.3, pp. 266–270. In addition, the motion must be filed at a time when no material delay or other prejudice to the opposite party would result. If those requirements are met, the movant need not show a good excuse for his default, in the sense that he was free from negligence. *Ward v. Nava,* 488 S.W.2d 736 (Tex.1972); *Hughes v. Jones,* 543 S.W.2d 885 (Tex.Civ.App. El Paso 1976, no writ); *Continental Airlines, Inc. v. Carter,* 499 S.W.2d 673 (Tex.Civ.App. El Paso 1973, no writ); *Kirk v. Farmers Aerial Spraying Service, Inc.,* 496 S.W.2d 739 (Tex.Civ.App. Amarillo 1973, no writ); *Texas Iron Metal Co., Inc. v. Utility Supply Co.,* 493 S.W.2d 545 (Tex.Civ.App. Houston-1st Dist. 1973, writ ref'd n. r. e.); *In Re Williamson,* 437 S.W.2d 913 (Tex.Civ.App. Beaumont 1969, writ ref'd n. r. e.); *Black v. Johnson,* 404 S.W.2d 382 (Tex.Civ.App. El Paso 1966, writ ref'd n.r.e.); *Box v. Associates Investment Company,* 352 S.W.2d 315 (Tex.Civ.App. Dallas 1961, no writ); *Smith v. Hillsboro State Bank,* 253 S.W.2d 897 (Tex.Civ.App. Galveston 1952, no writ); 4 McDonald's, Texas Civil Practice, Sec. 18.10.2, p. 268. Only a slight excuse is required under those circumstances. *Craddock v. Sunshine Bus Lines,* supra; *Beard v. McKinney,* 456 S.W.2d 451 (Tex.Civ.App. Houston-1st Dist. 1970, no writ); *Cadena v. Dicker,* 383 S.W.2d 73 (Tex.Civ.App. Dallas 1964, no writ).

■ Consistent with the principles recited above and considering the rather un-usual circumstances and developments in this case, we believe Spears adequately excused his failure to answer the suit. Whatever their relationship, Bostick and Spears obviously had worked closely with each other and with Brown in connection with The Thirsty Twenties Club. Brown originally sued only Bostick, but when interrogatories were served, Spears went with Bostick to the office of his attorneys and assisted in furnishing the information for the answers. When Brown amended his petition, he sued Bostick and Spears together as partners of The Thirsty Twenties Club. The attorneys representing Bostick were shown on the amended petition as attorneys of record. We can understand how one unfamiliar with legal procedure could in those peculiar circumstances mistakenly conclude that the attorneys who were representing Bostick doing business as The Thirsty Twenties Club were also representing him as an alleged partner of Bostick in that business. When Spears discovered otherwise, he promptly filed his motion for new trial.

We have also concluded that Spears set up a meritorious defense sufficient to entitle him to an order setting aside the default judgment and granting him a new trial. Brown's petition alleged that Bostick and Spears were partners with him in The Thirsty Twenties Club and that they had excluded him from the partnership and had refused to account to him for his share of the partnership profits. Spears' sworn motion for new trial, however, referred to filed answers to interrogatories which showed that Spears was not a partner with anyone, but was the sole stockholder of The Thirsty Twenties Club which was a corporation. They further revealed that Spears was entitled to 100% of the profits from that business, that Brown was only an employee of Spears, and that he wanted to purchase an interest in the club and pay for it out of future profits, but that Spears would not agree to sell him an interest on that basis.

---

1. In a Bill of Review filed after the judgment becomes final, the requirements pertaining to these two matters are more strict. There, the movant must establish that his failure to appear or answer was without any fault or negligence on his or his attorney's part, and he must prove his meritorious defense. 4 McDonald's, Texas Civil Practice, Sec. 18.27.1, p. 318.

If those statements are true they would constitute a complete defense to Brown's action *as pleaded.*

We recognize that the interrogatory answers referred to in Spears' motion were those made by Bostick, and that Tex.R. Civ.P. 168 provides that answers to interrogatories taken pursuant to that rule may be used only against the party making the answers, but we do not consider that Spears "used" those answers as that term is employed in the rule. In effect, he simply incorporated the statements made in those answers into his motion for new trial and adopted them as his personal sworn testimony in "setting up" his meritorious defense. Compare *Beard v. McKinney,* supra. As the answers pertained to Spears' own actions and capacity, and he obviously had personal knowledge of their accuracy, he should not be prohibited from adopting them as his testimony any more than he would be forbidden to incorporate into his sworn motion or affidavit any other fact statement within his personal knowledge, and adopt it as his own testimony.

It follows that Spears sufficiently excused his failure to answer the suit, and his sworn motion for new trial, which was filed at a time when the trial court still retained jurisdiction of the judgment, set up a meritorious defense as required by the rules heretofore noted. There is no evidence or indication that the granting of the motion for new trial would have created any delay in bringing this case to trial or would have in any manner prejudiced the plaintiff's cause of action. See *Ward v. Nava,* supra, at p. 738, and *Leonard v. Leonard,* 512 S.W.2d 771 (Tex.Civ.App. Corpus Christi 1974, writ dism'd). The requirements of *Craddock* having been met, the rule allowing equitable relief should be liberally applied, and the trial court should have granted Spears' motion for new trial. 4 McDonald's, Texas Civil Practice, Sec. 18.10.1, p. 266.

It is not necessary that we consider the other points of error. The judgment of the district court is reversed and the cause is remanded for a new trial.