**AETNA LIFE & CASUALTY COMPANY, Appellant,**

v.

**Ted B. LYON, Appellee.**

**No. 8613.**

Court of Civil Appeals of Texas, Texarkana.

Dec. 12, 1978.

Rehearing Denied Jan. 30, 1979.

Woodfin C. Henderson, Dallas, for appellant.

Ted B. Lyon, Jr., Mesquite, for appellee.

CORNELIUS, Chief Justice.

Aetna Life & Casualty Company appeals from a default judgment rendered against it in a suit brought by Ted B. Lyon.

Lyon was an employee of Alexander Hospital, Inc. On July 19, 1968, Alexander and Aetna entered into a contract to provide retirement benefits for Alexander's employees. Alexander was responsible for the funding of the plan, and Aetna was only to administer it. In September of 1969, Alexander was purchased by Chanco Medical & Electronics Industries, and subsequently Chanco was merged into American Medical International. In 1971, Lyon inquired of Aetna the amount of retirement benefit he would receive if he took early retirement on December 1, 1972, when he would be 62 years of age, as compared to the benefits he would receive if he waited until he was 65 on November 14, 1975. Unknown to Lyon, Alexander and its successors had not made the necessary contributions to the plan and it was not fully funded. Nevertheless, in response to Lyon's inquiry, Aetna wrote him that they estimated "You will receive a monthly benefit of $135.14 on December 1, 1972. If you wait until your normal retirement date, you will receive $281.80." Relying on the Aetna letter, Lyon delayed his retirement. Before he reached the age of 65, however, the plan was cancelled and Lyon received no benefits. He then brought suit against American and Aetna seeking to recover some $33,816.00 he allegedly lost by delaying his retirement. The cause of action against American was based upon breach of contract. Liability of Aetna was based upon allegations that it was a party to the third-party beneficiary contract which had been breached, and upon allegations that Aetna had negligently misrepresented the benefits Lyon would receive if he waited until age 65 to retire. It was alleged that when Aetna wrote Lyon it knew, or by the exercise of reasonable care should have known, that the plan was not being properly funded.

The suit was filed on December 6, 1976. American filed an answer, but Aetna, although served with citation on December 9, did not answer. On January 11, 1977, the district court granted Lyon an interlocutory default judgment against Aetna. On January 21, Aetna filed its motion to set aside the default, alleging mistake and accident in failing to answer. The district court held a hearing on March 18, and subsequently

overruled the motion. On August 23, Lyon's cause of action against Aetna was severed from that against American and the interlocutory default became final. On September 2, Aetna filed another motion to set the default aside, but it was also overruled. The only contention on appeal is that the district court erred in refusing to set aside the default judgment.

When a default judgment is rendered against a party, and motion to set aside the default is made during the time the trial court retains plenary control over its judgment, the default should be set aside and a new trial granted if it appears that the movant's failure to answer or appear was not intentional or the result of conscious indifference but was due to an accident or mistake, and if the motion sets up a meritorious defense to the cause of action which forms the basis of the judgment and is filed at a time when no material delay or other prejudice to the opposite party will result. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939); *Spears v. Brown*, 567 S.W.2d 544 (Tex.Civ. App.Texarkana 1978, writ ref'd n.r.e.); *Pierson v. McClanahan*, 531 S.W.2d 672 (Tex.Civ.App.Austin 1975, writ ref'd n.r.e.); 4 McDonald's, Texas Civil Practice, Secs. 18.10.1, 18.10.2, 18.10.3, pp. 266–270. If those requirements are met, the movant need not show a good excuse for his default, in the sense that he is free from negligence. *Ward v. Nava*, 488 S.W.2d 736 (Tex.1973); *Spears v. Brown*, supra; *Hughes v. Jones*, 543 S.W.2d 885 (Tex.Civ.App.El Paso 1976, no writ); *Continental Airlines, Inc. v. Carter*, 499 S.W.2d 673 (Tex.Civ.App.El Paso 1973, no writ); *Kirk v. Farmer's Aerial Spraying Service, Inc.*, 496 S.W.2d 739 (Tex. Civ.App.Amarillo 1973, no writ); *Texas Iron & Metal Co., Inc. v. Utility Supply Co.*, 493 S.W.2d 545 (Tex.Civ.App.Houston-1st Dist. 1973, writ ref'd n.r.e.); *In Re Williamson*, 437 S.W.2d 913 (Tex.Civ.App.Beaumont 1969, writ ref'd n.r.e.); *Black v. Johnson*, 404 S.W.2d 382 (Tex.Civ.App.El Paso 1966, writ ref'd n.r.e.); *Box v. Associates Investment Company*, 352 S.W.2d 315 (Tex.Civ. App.Dallas 1961, no writ); *Smith v. Hillsboro State Bank*, 253 S.W.2d 897 (Tex.Civ. App.Galveston 1952, no writ); 4 McDonald's, Texas Civil Practice, Sec. 18.10.2, p. 268. Only a slight excuse is required under those circumstances. *Craddock v. Sunshine Bus Lines*, supra; *Spears v. Brown*, supra; *Beard v. McKinney*, 456 S.W.2d 451 (Tex.Civ.App.Houston-1st Dist. 1970, no writ); *Cadena v. Dicker*, 383 S.W.2d 73 (Tex.Civ.App.Dallas 1964, no writ).

To demonstrate that its failure to answer was not the result of conscious indifference, Aetna alleged in its sworn motion that: citation was served by a deputy constable who left a copy with a claims adjuster in Aetna's Casualty Division in Dallas. As the matter involved a group policy, the adjuster delivered the copy to the office of the Group Insurance Division, and the copy was then delivered to the Group Division Manager, Mr. Sanders. Because the entire file pertaining to American's group plan had been sent to Aetna's home office several years previously, Sanders assumed that what had been handed to him was a copy for his office, and that the legal defense was being handled by the home office. As a result, Aetna failed to retain counsel by the answer date, and default judgment was taken. On January 20, when Sanders discovered that the default judgment had been entered, he immediately contacted an attorney in Dallas who, on the following day, filed a motion to set aside the judgment.

The recited facts are sufficient to show that Aetna's failure to answer was due to an accident or mistake, and it would have been entitled to a new trial had it met the other requirements as enunciated in *Ivy v. Carrell*, supra, and *Craddock v. Sunshine Bus Lines*, supra. It clearly appears, however, that Aetna failed to set up a meritorious defense to Lyon's cause of action.

By setting up a meritorious defense it is meant that the movant must allege in his motion facts which would constitute a defense to the cause of action, and support those factual allegations by affidavits or other evidence constituting prima facie

proof of such defense. *Ivy v. Carrell*, supra; *Craddock v. Sunshine Bus Lines*, supra; *Pierson v. McClanahan*, supra; 4 McDonald's, Texas Civil Practice, Secs. 18.10.1, 18.10.2, 18.10.3, pp. 266–270. The allegations made by Aetna concerning a meritorious defense were that Aetna (1) was only the administrator of the pension fund and had no responsibility to fund it, (2) had no control over the funding of the plan, (3) had no legal responsibility for Lyon's damage, and (4) had no legal duty to Lyon concerning any representation it made to him. But, Lyon's petition, in addition to alleging that Aetna breached the pension plan contract executed for his benefit, also alleged a cause of action for negligent misrepresentation in that (1) Aetna told him by letter that if he delayed his retirement he would receive certain benefits, (2) at the time of writing such letter Aetna knew that American was not funding the plan, or by the exercise of reasonable care should have known that fact, (3) the representation was false, (4) Lyon relied upon such representation, and (5) Aetna should therefore be "estopped" from denying liability for Lyon's damages.

Aetna argues that these allegations only attempt to create a cause of action by estoppel, and that because estoppel is defensive in nature and cannot be relied upon to create a remedy, the motion set up a meritorious defense by pointing out that Lyon had failed to state a valid cause of action. It is true that, if correct, an allegation that the plaintiff's petition fails to state a cause of action may constitute a meritorious defense for the purposes of a motion for new trial in these circumstances. *Rector v. Metropolitan Life Insurance Company*, 506 S.W.2d 696 (Tex.Civ.App.Houston-1st Dist. 1974, writ ref'd n.r.e.). But, although Lyon here used terms of estoppel, he actually alleged a cause of action for negligent misrepresentation, a remedy which is recognized by the Restatement and by Texas case law. See Restatement (Second) of Torts, Sec. 552 (1977); *Shatterproof Glass Corporation v. James*, 466 S.W.2d 873 (Tex. Civ.App.Fort Worth 1971, writ ref'd n.r.e.), and cases there cited. By no reasonable

interpretation can Aetna's motion be considered to have set up a meritorious defense to such a cause of action. Neither the misrepresentation nor the negligence in making it was denied. Nor was there a denial of any of the other facts upon which the cause of action was based. Aetna did allege that the representation was not *actionable* because there was no duty owed to Lyon, but such a contention is not valid under the cause of action for negligent misrepresentation as recognized by the authorities. See Restatement (Second) of Torts, Sec. 552 (1977).

 As Aetna's motions did not set up a meritorious defense to Lyon's cause of action, there was no abuse of discretion on the district court's part in refusing to set aside the default judgment.

The judgment is affirmed.